UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x
JOHN WILEY & SONS, INC.,                         :  Index No. _____
                          Plaintiff,             :
           -against-                             :  **COMPLAINT**
DRK PHOTO,                                       :  ECF Case
                          Defendant.             :
------------------------------------------------ x

Plaintiff, John Wiley & Sons, Inc. ("Wiley"), by its undersigned attorneys, submits this Complaint against Defendant, DRK Photo ("DRK"). Plaintiff alleges as follows:

## NATURE OF ACTION

1. This is an action for a declaratory judgment pursuant to the federal Declaratory Judgment Act, 28 U.S.C. Section 2201, to resolve an actual case or controversy that has arisen between Wiley and DRK. DRK has asserted that Wiley has infringed the copyrights in numerous stock photographs previously licensed by DRK to Wiley allegedly by using those stock photographs beyond the scope of those licenses, among other things. DRK has threatened to initiate litigation against Wiley relating to all of the photographs that were licensed by DRK to Wiley. DRK's actions have harmed, and threaten further harm to, Wiley.

## THE PARTIES

2. Plaintiff John Wiley & Sons, Inc. is a corporation organized under the laws of the State of New York, with its principal place of business located at 111 River Street, Hoboken NJ 07030, and an office located at 245 Fifth Avenue, New York, NY 10016. Previously, at times

relevant to matters alleged herein, Wiley's principal place of business was located in New York, NY.

3. Upon information and belief, Defendant DRK Photo is a sole proprietorship owned and operated by Daniel R. Krasemann with its principal place of business located in Sedona, Arizona.

## JURISDICTION AND VENUE

4. This is an action for a declaratory judgment pursuant to the federal Declaratory Judgment Act, 28 U.S.C. Section 2201.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2201, which authorizes the Court to declare the rights and other legal relations between interested parties; 28 U.S.C. § 1338, which provides for jurisdiction in connection with claims arising under the copyright laws; and 28 U.S.C. § 1332, which provides for jurisdiction where there is a diversity in the citizenship between the parties and an amount in controversy in excess of $75,000, exclusive of interest, fees and costs. In addition, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all claims not asserted under the copyright laws, as these claims are related to claims within the Court's original jurisdiction.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a).

7. This Court has personal jurisdiction over DRK pursuant to N.Y. Civ. Prac. L. & R. 301 because, upon information and belief, DRK has purposely targeted its activities to and is systematically transacting, doing, and soliciting business in this district, and pursuant to N.Y. Civ. Prac. L. & R. 302(a) because DRK transacted business with and contracted to provide services to Wiley within the state and the claims herein arise out of that business activity.

## FACTS COMMON TO ALL CLAIMS

8. Wiley was founded in 1807 and is a leading global publisher providing content and services to customers worldwide. One of Wiley's core businesses pertains to the publication of educational materials, including textbooks, for undergraduate and graduate students. Wiley has developed and maintains a substantial and meaningful relationship with colleges and universities worldwide.

9. Wiley's textbooks and other educational publications generally contain contributions from multiple sources, such as photographs licensed by third parties to Wiley and textual content submitted by authors, and constitute collective works within the meaning of the Copyright Act.

10. DRK is a stock photograph agency. It supplies photographs to publishers and other licensees and otherwise provides photographic agency and related services to photographers.

11. Beginning in or about 1992, Wiley entered into transactions with DRK pursuant to which DRK granted Wiley non-exclusive rights and licenses to include certain photographs controlled by DRK in Wiley's publications. Generally, for each transaction, Wiley would identify to DRK which particular photographs from DRK's stock Wiley desired to use, which textbook or other publication the photographs would be included in, and what the estimated print-run would be for that publication. Thereafter, DRK would issue an invoice to Wiley for DRK's fee for Wiley's use of the photographs, and Wiley would include the photographs in its publication.

12. Since DRK first began transacting with Wiley in 1992, DRK licensed numerous photographs to Wiley, and has in some instances relicensed some of the same images to Wiley for inclusion in additional publications. Wiley has included photographs obtained from DRK in

3

approximately 29 separate publications, and in some instances has included photographs obtained from DRK in revised versions of a publication or subsequent editions of that same title.

13. In some instances, the demand for Wiley publications exceeded Wiley's expected sales of the publications and thus the estimated print-runs that Wiley had furnished to DRK turned out to be incorrect.

14. Wiley and DRK recently have engaged in discussions with each other concerning Wiley having exceeded estimated print-runs for textbooks and other works containing photographs provided by DRK. DRK contends that Wiley's use of the photographs in excess of the print-run estimates amounted to copyright infringement and Wiley's provision in good faith of estimated print runs constituted fraud. DRK has retained litigation counsel who is threatening to file claims against Wiley for copyright infringement and fraud.

15. The online database of the United States Copyright Office does not appear to contain records of copyright registrations in the name of DRK for all of the works as to which DRK has threatened suit. Accordingly, upon information and belief, DRK is not the owner of the copyright in a substantial number of the photographs DRK provided to Wiley and, upon information and belief, does not possess a valid copyright registration for a substantial number of the works for which DRK has threatened to assert claims. Thus DRK lacks standing to assert and otherwise cannot prevail on copyright infringement claims relating to those particular photographs. In addition, to the extent that DRK's threatened claims relate to Wiley's inclusion of a DRK photograph in a later edition or revised version of a work for which Wiley previously was licensed, such reuse is non-infringing pursuant to the revision privilege contained in Section 201(c) of the Copyright Act.

16. DRK has no viable claim for copyright infringement with respect to any alleged use by Wiley of photographs beyond the scope of the parties' license when such use occurred more than three years prior to this suit.

17. Moreover, DRK has no legally viable claim for fraud. The print-run information supplied by Wiley were estimates provided to DRK in good faith.

## FIRST CLAIM FOR DECLARATORY RELIEF

18. Wiley realleges and incorporates each of the above allegations as set forth in paragraphs 1 through 17 by reference as if set forth herein at length.

19. DRK has claimed that Wiley is liable to it for copyright infringement based on inclusion of DRK photographs in Wiley Publications as long ago as in 1994. DRK has threatened to bring suit against Wiley to enforce these claims.

20. An actual, present and justiciable controversy has arisen between Wiley and DRK concerning Wiley's exposure to liability and its ability to fulfill orders, already placed by Wiley's customers for the upcoming school year, for revised versions of earlier Wiley works that contained photographs included with DRK's permission.

21. Wiley has suffered and will continue to suffer irreparable harm as a result of communications made, upon information and belief, by DRK to third parties in which DRK asserts that Wiley has committed fraud, violated the law and is liable to DRK.

22. Any use by Wiley of DRK photographs is non-actionable as copyright infringement when it: (i) relates to photographs for which DRK lacks copyright ownership or a valid copyright registration, or (ii) occurred more than three years ago, or (iii) is simply a reuse of the same photograph in a later edition or revised version of the work for which DRK originally licensed the photograph.

5

23. DRK's claims that Wiley has infringed the copyrights in all of the photographs licensed by DRK to Wiley over the entire course of the parties' dealings warrant judicial relief from this Court in the form of a declaration that Wiley is not liable to DRK under the copyright laws for any use by Wiley of DRK photographs (i) that relates to photographs for which DRK lacks copyright ownership or a valid copyright registration, (ii) that occurred more than three years ago, or (iii) which is simply a reuse of the same photograph in a later edition or revised version of the work for which DRK originally licensed the photograph.

## SECOND CLAIM FOR DECLARATORY RELIEF

24. Wiley realleges and incorporates each of the above allegations as set forth in paragraphs 1 through 23 by reference as if set forth herein at length.

25. DRK has claimed that Wiley is liable to it for common law fraud based on Wiley's communicating to DRK estimated print-runs of the Wiley publications for which Wiley sought licenses to include DRK-controlled photographs. DRK has threatened to bring suit against Wiley to enforce these claims.

26. An actual, present and justiciable controversy has arisen between Wiley and DRK concerning Wiley's exposure to liability to DRK and the allegations of fraudulent conduct leveled against Wiley by DRK, among other things.

27. Wiley has suffered and will continue to suffer irreparable harm as a result of communications made, upon information and belief, by DRK to third parties in which DRK asserts that Wiley has violated the law and is liable to DRK.

28. Any communication of print-run estimates by Wiley is non-actionable as common law fraud when it: (i) occurred more than six years ago, or (ii) amounted to simply a prediction of future events, or (iii) was made in good faith.

6

29. DRK's claims that Wiley has committed fraud over the course of the parties' dealings warrant judicial relief from this Court in the form of a declaration that Wiley is not liable to DRK for any claim sounding in fraud.

**WHEREFORE**, Wiley prays for a declaratory judgment in its favor against DRK for the following relief:

A. For an Order declaring that any use by Wiley of DRK photographs (i) that relates to photographs for which DRK lacks copyright ownership or a valid copyright registration, (ii) that occurred more than three years ago, or (iii) which is simply a reuse of the same photograph in a later edition or revised version of the work for which DRK originally licensed the photograph is non-actionable as copyright infringement;

B. For an Order declaring that Wiley is not liable to DRK for any claim sounding in fraud;

C. That Wiley recover its costs and disbursements incurred in this action, including its reasonable attorney's fees; and

D. Awarding to Wiley such other and additional relief as this Court may deem just, proper and equitable.

Dated: New York, New York　　LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
　　　　 August 5, 2011

By: _____
　　　Robert Penchina
　　　Christopher P. Beall
321 West 44th Street, Suite 510
New York, NY 10036
(212) 850-6100
(212) 850-6299 (Fax)

Ashima Aggarwal
Joseph Barker
JOHN WILEY & SONS, INC.
111 River Street
Hoboken, NJ 07030
(201) 748-6446

*Attorneys for Plaintiff*