UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN WILEY & SONS, INC.,                     :
                              Plaintiff,     :        1:11-CV-05454-GBD
                                             :        ECF Case
                              v.             :
                                             :
DRK PHOTO, a sole proprietorship,            :
                                             :
                              Defendant.     :        JURY TRIAL DEMANDED
                                             :
-------------------------------------------------------------X

## **DEFENDANT DRK PHOTO'S MOTION TO DISMISS**

# TABLE OF CONTENTS

Preliminary Statement ...............................................................................................................2

Facts............................................................................................................................................4

Legal Analysis............................................................................................................................5

I.      Wiley's claim for declaratory judgment of non-infringement of copyrights should be dismissed because Wiley has not (1) identified the copyrighted works at issue; (2) pleaded copyright registration of those works; (3) stated why its use of the works is non-infringing; or (4) pleaded DRK is the owner of the copyrights for such works.................5

        A.      Wiley fails to plead the copyrights-in-suit are registered with the United States Copyright Office, a precondition to bringing a copyright declaratory judgment suit.....................................................................................................................6

        B.      Wiley fails to plead which copyrighted photographs are the subjects of its claims, and how its products or actions did not infringe those copyrights.........................8

        C.      Since Wiley fails to plead DRK is the owner of the copyrights for which it seeks a declaratory judgment, Wiley lacks standing to bring these claims.........................9

II.     Wiley's claims for declaratory judgment of non-infringement of copyrights relating to agreements prior to June 18, 1997 and non-liability for fraud should be dismissed because they are subject to a binding arbitration clause and are part of an arbitration proceeding currently filed in Arizona...............................................................................................11

III.    Wiley's claims for declaratory judgment of non-infringement for fraud should be dismissed because Wiley does not meet Rule 9's heightened pleading requirements for fraud.......................................................................................................................16

IV.    DRK requests any claims that survive the motions to dismiss above be dismissed pursuant to the declaratory judgment exception to the "first-filed" rule..........................17

Conclusion.................................................................................................................................26

Defendant DRK Photo ("DRK" or "Defendant") hereby moves to dismiss John Wiley & Sons, Inc.'s ("Wiley" or "Plaintiff") Complaint (Doc. No. 1, "Complaint"). Count I – a declaration regarding copyright infringement – should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), for failing to be adequately pleaded, and Count II – a declaration regarding common law fraud – should be dismissed under Rule 12(b)(3) for improper venue, because fraud claims are being arbitrated pursuant to the terms and conditions of the parties' contracts, and under Rules 12(b)(6) and 9 because Wiley has failed to plead fraud with the requisite particularity. DRK also moves to dismiss all claims pursuant to the well-recognized exception to the first-filed rule in favor of the action DRK has filed in the District of Arizona alleging copyright infringement against Wiley.

## PRELIMINARY STATEMENT

On August 5, 2011, Wiley filed a declaratory judgment action[1] requesting the Court declare Wiley has not infringed the copyrights in unspecified photographs and that it is not liable to DRK for common law fraud. Because Wiley failed to allege an essential element of any copyright infringement claim – registration of the copyrights-in-suit[2] – and failed to identify a single photograph or product for which it seeks a declaration of non-infringement, Wiley's Complaint, on its face, fails to state a claim. Wiley also lacks standing to bring its copyright claims because it alleges DRK is not the owner of the copyrights for which it seeks a declaratory judgment. Wiley's Complaint fails to state a claim for fraud because the forum selection clauses that are part of the parties' contracts require such claims be settled in arbitration, and DRK has filed an arbitration proceeding on those claims in Arizona (AAA Case number: 76 143 00193 11

---

[1] Under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.
[2] Registration is required, before filing, to bring a copyright action. *See* 17 U.S.C. § 411(a).

filed on August 11, 2011). The Complaint also fails to state a claim for fraud because it is not pleaded with particularity as Rule 9 requires.

Wiley's declaratory judgment action is an impermissible anticipatory filing designed solely to beat DRK to the courthouse. Neither Wiley nor DRK has more than a tenuous connection to New York. Wiley filed here because it knew DRK was about to file an infringement case in Arizona. This is improper forum-shopping designed to gain litigation advantages for Wiley. DRK independently moves to dismiss this case because DRK has filed a copyright infringement action against Wiley in its chosen forum of Arizona.

## FACTS

Wiley is a global textbook publisher with over 5,000 employees whose principal place of business is Hoboken, New Jersey.[3] Wiley sells and distributes its products in Arizona and throughout the United States.[4] DRK is a Sedona, Arizona stock photography agency engaged in licensing photographic images to textbook publishers, including Wiley.[5] DRK is a sole proprietorship owned and operated by Daniel R. Krasemann with no employees, but sometimes with help from his spouse Julie.

DRK owns the copyrights to many but not all the photographs in its photo library. From 1992 to 2009, Wiley requested, and DRK sold, limited licenses authorizing Wiley to reproduce certain DRK photographic images in its educational publications. DRK expressly limited the number of copies, distribution area, language, duration, and/or media (print or electronic) for each publication, and was paid accordingly. Unknown to DRK, Wiley used some of the photographs beyond the license limits and in some instances without any license at all.

---

[3] Complaint ¶¶ 2, 8.
[4] *Id*. ¶ 8.
[5] Exhibit A hereto, Declaration of Daniel Krasemann ("Krasemann Decl.") ¶ 3.

The Wiley office that licensed photographs from DRK was located in New York until approximately June 2002, when Wiley relocated to New Jersey.[6] Wiley's website lists a number of locations of its offices, none of which is in New York.[7] DRK conducts all of its licensing business in Arizona.[8] DRK's owner, Mr. Krasemann, has had only occasional contacts with New York, and none involving Wiley for more than nine years.

## LEGAL ANALYSIS

I.  **Wiley's claim for declaratory judgment of non-infringement of copyrights should be dismissed because Wiley has not (1) identified the copyrighted works at issue; (2) pleaded copyright registration of those works; (3) stated why its use of the works is non-infringing; or (4) pleaded DRK is the owner of the copyrights for such works.**

In evaluating the sufficiency of the pleadings on a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in non-movant's favor.[9] The court must evaluate whether the complaint provides "a short and plain statement of the claim showing that the pleader is entitled to relief."[10] Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though the plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[11] It must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[12] A complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it

---

[6] *Id*. ¶ 5 and Exhibit 1 thereto, correspondence from Wiley's New York office dated May 30, 2002 and correspondence from Wiley's New Jersey office dated August 6, 2002.
[7] *See* Exhibit B, screenshot of Wiley's website.
[8] Krasemann Decl. ¶ 4.
[9] *See Chambers v. Time Warner, Inc*., 282 F.3d 147, 152 (2d Cir.2002).
[10] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[11] *Twombly*, 550 U.S. at 555.
[12] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted).

rests."[13]  These same standards apply when evaluating a Rule 12(b)(6) motion to dismiss a declaratory judgment claim.[14]

**A.  Wiley fails to plead the copyrights-in-suit are registered with the United States Copyright Office, a precondition to bringing a copyright declaratory judgment suit.**

In order to survive a motion to dismiss in a copyright infringement case, a plaintiff must plead with sufficient specificity: "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright."[15]  In 2010, the Supreme Court in *Reed Elsevier, Inc. v. Muchnick* held that the Copyright Act's registration requirement in 17 U.S.C. § 411(a) does not affect the subject matter jurisdiction of the federal court, but it "imposes a precondition to filing a claim . . .[16]

Contrary to the Copyright Act's registration requirement, Wiley alleges, "upon information and belief, DRK . . . does not possess a valid copyright registration for a substantial

---

[13] *Twombly*, 550 U.S. at 555.

[14] *See, e.g., Brecher v. Citigroup Inc.*, __ F.Supp.2d __, No. 09 Civ. 7359(SHS), 2011 WL 2209145 *17 (S.D.N.Y. June 7, 2011) (dismissing declaratory judgment that a release was void or voidable where the complaint contained "no factual allegations that would render the release unenforceable."); *Howard v. Whiteside*, No. 4:10-CV-13 CAS, 2010 WL 1463018 *2-4 (E.D. Mo. April 13, 2010) (rejecting declaratory judgment plaintiff's argument that *Twombly* does not apply to a declaratory judgment claim and applying *Twombly* standard to Rule 12(b)(6) motion to dismiss declaratory judgment claim).

[15] *Arma v. Buyseasons, Inc.*, 591 F.Supp.2d 637, 643-644 (S.D.N.Y.2008) (*quoting Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36 (S.D.N.Y.1992)); *accord. Wu v. Pearson*, No. 09 Civ. 6557(RJH), 2010 WL 3791676 *5 (S.D.N.Y. Sept. 29, 2010) (Holwell, D.J.).

[16] *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1247 (2010); *see* 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.").

number of the works for which DRK has threatened to assert claims."[17]  Thus, Wiley not only

fails to plead this essential element in any copyright infringement action, it actually affirmatively

pleads the element is *not* met.  Wiley cannot cure this defect; only the owner of a copyright, or of

one of the exclusive rights in a work, may register it with the United States Copyright Office.[18]

A number of courts have held a declaratory judgment plaintiff must plead registration of

the copyright-in-suit.  In *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*,[19] the Eleventh

Circuit dismissed a declaratory judgment complaint for non-infringement where the copyright at

issue had not been registered.  The court held:

> Because [declaratory judgment defendant] MCR has not applied for a copyright
> on the disputed software program, much less received one or been denied one, the
> district court would lack subject matter jurisdiction if MCR brought an
> infringement suit against Weitzman.  Accordingly, because the Declaratory
> Judgment Act cannot, of itself, confer jurisdiction upon the federal courts, and
> because MCR could not sustain an infringement action in federal court, we hold
> that such a hypothetical coercive action cannot provide the district court with
> subject matter jurisdiction over Weitzman's declaratory suit.[20]

---

[17] Complaint ¶ 15.

[18] *See* 17 U.S.C. § 408(a) (". . . the owner of copyright or of any exclusive right in the work may obtain registration of the copyright claim . . .").

[19] 542 F.3d 859 (11th Cir. 2008), abrogated in part by *Reed Elsevier*, 130 S. Ct. at 1247.

[20] *Id*. at 863;  *see also Optovue Corp. v. Carl Zeiss Meditec, Inc*., No. C 07-2010 CW, 2007 WL 2406885, at *3-*4 (N.D. Cal. Aug. 20, 2007), abrogated in part by *Reed Elsevier*, 130 S. Ct. at 1247 (where declaratory judgment defendant's "failure to register the copyright will prevent it from bringing any suit for infringement" . . . any apprehension of infringement litigation is too remote to support a claim under the declaratory judgment act."); *Prospect Planet, LLC v. Paychecks for Life.Com,* No. A3-02-91, 2003 WL 751023 *2 (D.N.D. Jan. 16, 2003), abrogated in part by *Reed Elsevier*, 130 S. Ct. at 1247 ("Defendant has not made any application for registration, thus it could not bring a copyright infringement action against Plaintiff.  Similarly, Plaintiff's declaratory judgment action for copyright non-infringement is barred because of Defendant's failure to register its copyright."); *Burns v. Rockwood Distributing Co.*, 481 F.Supp. 841, 845, 849 n. 14 (N.D. Ill. 1979), abrogated in part by *Reed Elsevier*, 130 S. Ct. at 1247 (counterclaim for declaratory judgment failed to satisfy registration prerequisite to filing where complaint did not "include a copy of the registration certificate, nor has compliance with the registration provisions of the Copyright Act otherwise been indicated" and counterclaim complaint also did not include any such allegation).

Although the Supreme Court has made clear since *Stuart Weitzman* that registration is no longer a jurisdictional prerequisite,[21] it remains a "precondition to filing a claim."[22] Therefore, Wiley's explicit pleading that DRK "does *not* possess a valid copyright registration for a substantial number of the works for which DRK has threatened to assert claims,"[23] dooms Wiley's Complaint and requires dismissal of this claim.

**B.  Wiley fails to plead which copyrighted photographs are the subjects of its claims, and how its products or actions did not infringe those copyrights.**

In addition to its failure to plead registration of the copyrights, Wiley fails to identify what copyrights would be the subject of the order it seeks declaring it has not infringed, or which of its products or other uses are not infringing. Wiley's Complaint therefore has not put DRK on notice of its claims. Several courts have tested similar declaratory judgment claims in patent cases under Rule 12(b)(6). One recently found a declaratory judgment claim was sufficiently pleaded to survive a Rule 12(b)(6) motion where it "identifie[d] the allegedly infringing product, the allegedly infringing activity, and the allegedly infringed patents."[24] Here, Wiley does not include any of those requirements in its Complaint. Although Wiley's Complaint requests a declaration "that Wiley is not liable to DRK under the copyright laws for any use by Wiley of

---

[21] DRK has been unable to locate any decision evaluating this issue since the *Reed Elsevier* opinion was issued in March 2010.

[22] *Reed Elsevier*, 130 S. Ct. at 1247.

[23] Complaint ¶ 15 (emphasis added).

[24] *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F.Supp.2d 1156, 1163 (C.D. Cal. 2010). The court applied a lower pleading standard than the standard set out in *Twombly* and *Iqbal*, because the Federal Rules of Civil Procedure provide a form for patent infringement cases that calls for less detail, and local rules required parties in patent cases to file detailed infringement contentions, putting all parties on notice. *See also Teirstein v. AGA Medical Corp.*, Civil Action No. 6:08cv14, 2009 WL 704138, *5 (E.D. Tex. March 16, 2009) (applying *Twombly* standard and holding patent invalidity allegations are "more than sufficient to give Plaintiff fair notice of what Defendant is claiming - invalidity of the '995 patent - and the grounds upon which this claim rests - failing to satisfy one or more of the listed statutory provisions for patentability.").

DRK photographs" in three scenarios,[25] it fails to identify any particular photograph for which it asks for a declaration of non-infringement, and omits the titles of its products that are allegedly non-infringing.[26]  Wiley also fails to specify which of its many publishing activities (copying, distribution, online dissemination, etc.) do not infringe DRK's copyrights.  Another federal court, earlier this year, dismissed a declaratory judgment claim for non-infringement of a patent where the complaint failed to identify the allegedly infringing products.[27]  The court held, "[a]bsent identification of the products accused of infringement, there is no concrete case or controversy or sufficient specificity to satisfy *Twombly* and *Iqbal*."[28]

Wiley's Complaint is defectively pleaded because it asks for relief a court cannot grant – a broad, sweeping order with no specification as to the copyrights Wiley did not infringe; which Wiley uses and products are not infringing; or what conduct by Wiley is not infringement.  The vague, conclusory allegations of Wiley's Complaint do not meet Rule 12(b)(6)'s pleading requirements.

C.    **Since Wiley fails to plead DRK is the owner of the copyrights for which it seeks a declaratory judgment, Wiley lacks standing to bring these claims.**

Wiley does not have standing to bring a declaratory judgment claim on "all of the photographs licensed by DRK to Wiley over the entire course of the parties' dealings"[29] because Wiley affirmatively pleads itself out of a valid complaint.  The Complaint states, "upon information and belief, DRK is *not* the owner of the copyright in a substantial number of the

_____

[25] Complaint ¶ 23.

[26] *See, e.g., Cole v. Allen*, 3 F.R.D. 236, 237 (S.D.N.Y.1942) (allegations that defendant copied from any of six books lacked sufficient specificity).

[27] *Wistron Corp. v. Phillip M. Adams & Associates, LLC*, No. C–10–4458 EMC, 2011 WL 1654466 (N.D. Cal. April 28, 2011).

[28] *Id.* * 12.

[29] Complaint ¶ 23.

photographs DRK provided to Wiley . . .”[30]   Section 501(b) of the Copyright Act permits only "[t]he legal or beneficial owner of an exclusive right under a copyright . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it.”[31] Thus, assuming the facts in Wiley's Complaint to be true, as we must, if DRK is not the owner of the copyrights-in-suit, it does not have standing to bring claims for infringement under the Copyright Act.

The Ninth Circuit addressed a similar issue in *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*[32]   The court was evaluating a defendant's affirmative defense that a declaratory judgment plaintiff did not own valid copyrights to the works at issue, and held, "if Hal Roach Studios has no property interest to protect, no substantive rights of the parties would be affected by a declaration as to when the license agreement ends. In other words, there would be no actual case or controversy between Feiner & Co. and Hal Roach Studios; in such circumstances there is no basis for a judicial declaration as to the expiration date of the license agreement."   Similarly here, if DRK has no copyright interest in the photographs for which Wiley seeks a declaration, there is no basis for the Court to make such a declaration against DRK.

Patent law is also helpful by analogy here.  The Northern District of California recently granted a motion to dismiss a declaratory judgment claim – without leave to amend – where the plaintiff alleged parties not named as defendants in the suit owned the patents.[33]   The court noted the rule that, "(i)n order for a plaintiff to have standing in a declaratory action involving

---

[30]  *Id*. ¶ 15 (emphasis added).
[31]  17 U.S.C. § 501(b).
[32]  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1553 -1554 (9th Cir. 1990).
[33]  *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11–0671 SI, 2011 WL 3206686 *3 (N.D. Cal. July 27, 2011).

allegations of patent infringement, the defendant[s] must have a legal right in the patent at issue that would allow the defendant[s] to bring suit for infringement."[34]  Here, since DRK would not have standing to bring suit for infringement of copyrights Wiley alleges DRK does not own, Wiley does not have standing to seek a declaration against DRK for those copyrights.

## II.    Wiley's claims for declaratory judgment of non-infringement of copyrights relating to agreements prior to June 18, 1997 and non-liability for fraud should be dismissed because they are subject to a binding arbitration clause and are part of an arbitration proceeding currently filed in Arizona.

DRK moves to dismiss Wiley's claim for declaratory judgment on copyright infringement for licenses dated earlier than June 18, 1997 and fraud, pursuant to Rule 12(b)(3), because they have been brought in an improper forum.  When considering a Rule 12(b)(3) motion, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor.[35] Materials outside of the pleadings may be considered when adjudicating a Rule 12(b)(3) motion.[36]  Once challenged, the plaintiff bears the ultimate burden of showing venue is proper.[37]

The Federal Arbitration Act ("FAA") provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[38]  In accordance with this policy of favoring arbitration, courts liberally construe any contractual language involving arbitration and resolve all doubts in favor

---

[34] *Id.* (*quoting Top Victory Elecs. v. Hitachi Ltd.*, No. 10–01579–CRB, 2010 WL 4722482, at *2 (N.D. Cal. Nov.15, 2010).

[35] *Central National-Gottesman, Inc. v. M.V. "GERTRUDE OLDENDORF"*, 204 F.Supp.2d 675, 677 (S.D.N.Y. 2002) (citation omitted).

[36] *Brennan v. Phyto-Riker Pharmaceuticals, Ltd.*, No. 01 CIV. 11815(DLC), 2002 WL 1349742, *1 n. 2 (S.D.N.Y. June 20, 2002).

[37] *Central National-Gottesman*, 204 F.Supp.2d at 677.

[38] 9 U.S.C. § 2.

of arbitrability.[39]  Courts apply a presumption of arbitrability, considering a claim arbitrable if the arbitration clause supports any interpretation that the claim is covered by the clause.[40]  A party to a binding arbitration agreement may, pursuant to Section 4 of the FAA, petition the district court for an order compelling arbitration.[41]  A federal district court lacks discretion to refuse a request to direct the parties to proceed to arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."[42]  "Pursuant to the FAA, the role of courts is 'limited to determining two issues: i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate.'"[43]

As to the first issue, DRK's license contracts with Wiley each contained terms and conditions that require arbitration of fraud claims.[44]  The terms varied slightly during the relevant time period, which begins in 1992.  For example, the earliest terms, included on contracts through July 10, 1995, state, "[a]ny dispute regarding this invoice, including its validity, interpretation, performance or breach shall be arbitrated in Phoenix, Arizona . . ."[45]  The terms on contracts beginning June 18, 1997 carved out copyright infringement claims from mandatory arbitration, but the other arbitration language remained virtually unchanged.[46]  On June 17, 2003, the arbitration term was broadened to include, "[a]ny and all disputes, with the exception of

---

[39] *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).

[40] *See AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 650 (1986).

[41] 9 U.S.C. § 4.

[42] *United Steelworkers of America v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 583 (1960).

[43] *Shaw Group Inc. v. Triplefine Intern. Corp.*, 322 F.3d 115, 120 (2d Cir. 2003) (*quoting PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1198 (2d Cir.1996).

[44] *See* Krasemann Decl. ¶ 16 and Exhibits 2-7 thereto.

[45] *Id*. at Exhibit 2, ¶ (i).

[46] *Id*. at Exhibit 4, ¶ (k); *see also* Exhibit 5, ¶ (k) (terms beginning on May 12, 1998); Exhibit 6, ¶ (k) (terms beginning on January 5, 2000).

copyright claims, under or in connection with this agreement, including, without limitation, the validity, interpretation, performance and breach hereof, shall be settled by arbitration in Arizona . . ."[47]

The terms and conditions that contain the arbitration clauses appeared on the reverse side of every invoice DRK sent to Wiley, which contained all terms of the parties' license agreement.[48] The front of each invoice included the statements, "PLEASE NOTE TERMS ON REVERSE SIDE" and "SUBJECT TO TERMS ON REVERSE SIDE PURSUANT TO ARTICLE 2, UNIFORM COMMERCIAL CODE/ ACKNOWLEDGED AND ACCEPTED."[49] Wiley never objected to any of the terms in the contracts.[50] The latest version of the terms, included on contracts dated June 17, 2003 to present, expressly states, "[s]ubmission of images for examination or use is conditioned upon the Recipient agreeing to all terms contained herein. If you object to any of these terms including the arbitration or stipulated damage provisions, you must return the images immediately."[51] Wiley did not return any images or otherwise indicate it was objecting to any of the terms.[52] Therefore, Wiley cannot now resist enforcement of the arbitration clause.

The arbitration clauses use the words "shall be arbitrated" or "shall be settled by arbitration." The use of the word "shall," rather than "may," supports the conclusion that the clause is mandatory, not permissive, in nature.[53] The language of the forum selection clause here

---

[47] *Id*. at Exhibit 7, "Disputes or claims arising out of submission and/or use."
[48] *Id*. ¶ 17.
[49] *Id*. and, *e.g.*, Exhibits 8, 9 thereto.
[50] *Id*. ¶ 18.
[51] *Id*. at Exhibit 7.
[52] *Id*. ¶ 19.
[53] *See John Boutari & Son v. Attiki Importers & Distributors Inc.*, 22 F.3d 51, 53 (2d Cir.1994); *accord. Phillips v. Audio Active Ltd.,* 494 F.3d 378, 386-87 (2d Cir. 2007).

reflects the parties' intent to adjudicate disputes relating to their license contracts in arbitration in Arizona.

Wiley's declaratory judgment claims are within the scope of the broad arbitration clauses, which in early versions include "any dispute regarding this invoice," and later, "any and all disputes . . . under or in connection with this agreement . . ."[54]  The federal policy in favor of arbitration requires that "any doubts concerning the scope of arbitrable issues" be resolved in favor of arbitration.[55]  "Indeed, unless it can be said 'with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute,' the dispute should be submitted to arbitration."[56]  Wiley alleges,

> . . . Wiley entered into transactions with DRK pursuant to which DRK granted Wiley non-exclusive rights and licenses to include certain photographs controlled by DRK in Wiley's publications.  Generally, for each transaction Wiley would identify [the desired photograph, Wiley's textbook in which it would appear, and how many copies Wiley would print].  Thereafter, DRK would issue an invoice to Wiley for DRK's fee for Wiley's use of the photographs, and Wiley would include the photographs in its publication.[57]

Wiley also alleges, "DRK has claimed Wiley is liable to it for common-law fraud based on Wiley's communicating to DRK estimated print-runs of the Wiley publications for which Wiley sought licenses to include DRK-controlled photographs."[58]  Thus, Wiley's claims for a declaratory judgment regarding both copyright infringement and fraud center around the license agreements into which the parties entered, and fall under the arbitration clauses' scope of "any dispute regarding this invoice" or "any and all disputes . . . under or in connection with this

---

[54] *See* Exhibits 2-7 to Krasemann Decl.
[55] *Moses H. Cone*, 460 U.S. at 24-25.
[56] *Concourse Village, Inc. v. Local 32E, Service Employees Int'l Union*, 822 F.2d 302, 304 (2d Cir. 1987)
[57] Complaint ¶ 11.
[58] *Id.* ¶ 25

agreement." The Second Circuit has clarified that if the allegations underlying the claims so much as "touch matters" covered by the parties' agreements, then those claims must be arbitrated.[59] Here, it is clear the declaratory judgment claims fall under the broad scope of the arbitration clauses.

Because all the fraud claims and any pre-June 18, 1997 copyright infringement claims are properly part of the arbitration proceeding DRK has filed in Arizona, DRK requests the Court dismiss them from this action.[60] Where all of the claims-in-suit are arbitrable, courts in this circuit and other circuits favor dismissal rather than a stay pending arbitration.[61] If the Court grants DRK's motion to dismiss all of Wiley's claims for a declaration regarding copyright infringement, *supra*, the only remaining claims are the fraud claims – all subject to arbitration, and dismissal of the entire action is appropriate.

---

[59] *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 846 (2d Cir. 1987).

[60] *See Madison Who's Who of Executives and Professionals Throughout The World, Inc. v. SecureNet Madison Who's Who of Executives and Professionals Throughout The World, Inc.*, No. 10-CV-364 (ILG), 2010 WL 2091691 (E.D.N.Y. May 25, 2010) (dismissing federal court action where arbitration proceeding had already been instituted in accordance with forum selection clause in parties' agreement, holding, "The Court will not presume to select a proper forum for [party resisting arbitration]; it is enough for present purposes that the Court finds that this forum is an improper one."); *see also Licensed Practical Nurses, Technicians and Health Care Workers of N. Y., Inc. v. Ulysses Cruises, Inc.*, 131 F.Supp.2d 393, 409 (S.D.N.Y. 2000) ("The court must weigh in each case whether dismissal or transfer is the most efficient and just means of enforcing" a forum selection clause.).

[61] *See Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*, 239 F.Supp.2d 332, 340 (S.D.N.Y.2002) ("Because all of [the plaintiff's] claims are subject to arbitration, no useful purpose will be served by granting a stay of [the plaintiff's] claims and thus its action against the defendants is dismissed."); *Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, 92-93 (2d Cir.2002) (discussing trial courts' ability to stay proceedings or dismiss the action in favor of arbitration); *Seus v. John Nuveen & Co., Inc.*, 146 F.3d 175, 178 (3d Cir.1998) ("If all the claims involved in an action are arbitrable, the court may dismiss the action instead of staying it."); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992) (same).

**III.    Wiley's claims for declaratory judgment of non-infringement for fraud should be dismissed because Wiley does not meet Rule 9's heightened pleading requirements for fraud.**

Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[62]  In the Second Circuit, in order to plead fraud with particularity, a party must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."[63]

Like its copyright claim, Wiley's request for declaratory judgment on fraud is woefully short on details.  Wiley alleges, "DRK has claimed that Wiley is liable to it for common law fraud based on Wiley's communicating to DRK estimated print-runs of the Wiley publications for which Wiley sought licenses to include DRK-controlled photographs."[64]  Wiley then asserts three defenses to a fraud claim and states, "DRK's claims that Wiley has committed fraud over the course of the parties' dealings warrant judicial relief from this Court in the form of a declaration that Wiley is not liable to DRK for any claim sounding in fraud."[65]

Wiley does not identify a single statement it has made that is allegedly not a misrepresentation, failing to meet the first required element in a fraud pleading.  Nor does Wiley

---

[62] Fed. R. Civ. P. 9(b); *see also Illinois Nat. Ins. Co. v. Wyndham Worldwide Operations, Inc.*, No. 10–3833, __ F.3d __, 2011 WL 3314946 *6-7 (3rd Cir. Aug. 3, 2011) (applying Rule 9(b) to evaluate declaratory judgment for mistake, which, like fraud, must be pleaded with particularity); *Interallianz Bank AG v. Nycal Corp.,* No. 93 CIV. 5024 (RPP), 1994 WL 177745 *4 (S.D.N.Y. May 6, 1994) (dismissing declaratory judgment claim for fraud for failure to plead the misrepresentations with particularity under Rule 9(b)).
[63] *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (*quoting Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993)).
[64] Complaint ¶ 25.
[65] *Id*. ¶¶ 28-29.

identify who made any statements that are not misrepresentations, or where and when they were made, the second and third required elements. Finally, Wiley omits the fourth required element, an explanation for why any particular statement was not fraudulent. Wiley's vague and conclusory allegation that "[a]ny communication of print-run estimates by Wiley is non-actionable as common law fraud when it: . . . (ii) amounted to simply a prediction of future events, or (iii) was made in good faith"[66] is insufficient. This allegation does not tie any particular statement to either of the grounds on which Wiley claims its communications were not fraudulent.[67]

Because Wiley's declaratory judgment claim for fraud does not identify what statements by Wiley are allegedly not fraudulent, DRK is not on notice of Wiley's claims. Wiley cannot seek an all-encompassing order, as its Complaint purports to do, simply declaring any communication regarding print quantities it has ever had with DRK was not fraudulent. Wiley's non-specific allegations do not meet Rule 9(b)'s heightened pleading requirements for fraud.

IV.    **DRK requests any claims that survive the motions to dismiss above be dismissed pursuant to the declaratory judgment exception to the "first-filed" rule.**

On August 25, 2011, DRK filed an action against Wiley for copyright infringement of certain photographs licensed on or after June 18, 1997 in the District of Arizona ("the Arizona action").[68]  DRK properly pleaded copyright infringement claims in the Arizona action that are

---

[66] *Id.* ¶ 28.

[67] *See Import Systems Int'l, Inc. v. Lee*, No. 90 Civ. 6896 (MEL), 1992 WL 77613 * 1 (S.D.N.Y. March 20, 1992) (dismissing declaratory judgment claim for fraud on patent office where "The allegations do not specify, as they should, what knowledge the defendants had that their alleged invention was unpatentable because of prior art or obviousness or why they should have had such knowledge.").

[68] *DRK Photo v. John Wiley & Sons Inc., et al,* Case No. 3:11-cv-08133-FJM.  Pursuant to the parties' arbitration agreements, all claims, including copyright infringement, relating to invoices issued prior to June 18, 1997 must be arbitrated in Arizona (*see* section II, *supra*).

defectively presented by Wiley in this suit. Now two duplicative federal district court suits are presently pending concerning Wiley's copyright infringement of photographs licensed by DRK.[69]

Courts in the Second Circuit follow the "first-filed" rule: "Where lawsuits concerning the same parties and issues are pending in two federal districts, the first-filed rule of the Second Circuit generally affords priority to the first-filed suit when courts choose which suit to permit to go forward."[70] "[W]hen a district court encounters a duplicative suit, it should dismiss, stay, or transfer that suit to the jurisdiction of the first-filed suit, absent a finding of special circumstances or a balance of convenience favoring the second suit."[71] However, courts recognize two important exceptions to this rule. If either exception applies, dismissal of the earlier-filed action is mandated, allowing the second to proceed. The first exception "exists where the first-filed suit constitutes an 'improper anticipatory filing,' or one made under the apparent threat of a presumed adversary filing the mirror image of that suit in a different federal district (or state court).[72] "[T]he court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies."[73]

Wiley filed this action August 5, 2011 as an improper anticipatory declaratory judgment action. Wiley candidly admits in its Complaint that "Wiley and DRK recently have engaged in

---

[69] The claims in the two lawsuits need not be identical in order for a court to find they are duplicative, and for the first-filed rule to mandate dismissal of one of them. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir.2000); *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir.1997) (defining duplicative lawsuits as those in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other.").

[70] *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1150 (S.D.N.Y .1995)

[71] *Hilb Rogal & Hobbs Co. v. MacGinnitie*, No. 3:04-CV-1541 (JCH), 2005 WL 441509, at *4 (D. Conn. Feb. 14, 2005).

[72] *Ontel*, 899 F. Supp. at 1150.

[73] *Id*. at 1150 n.9.

discussions with each other concerning Wiley having exceeded estimated print-runs for textbooks . . ." and "DRK has retained litigation counsel who is threatening to file claims against Wiley for copyright infringement and fraud."[74]  After months of discussions attempting to settle DRK's copyright claims against Wiley, DRK requested Wiley provide a complete reporting of its uses of DRK-licensed photographs no later than July 31, 2011.  Wiley did not provide the information by DRK's deadline, instead filing this action five days later, on August 5, 2011.[75]

Wiley filed this copyright infringement and fraud action to beat DRK to the courthouse and secure its preferred forum for both location and law.  In *Ontel Products, Inc. v. Project Strategies Corp.,* the seminal case on the anticipatory declaratory judgment exception to the first-filed rule, this district held that such a filing is

> improper where it attempts to exploit the first-filed rule by securing a venue that differs from the one that the filer's adversary would be expected to choose. Where a party is prepared to pursue a lawsuit, but first desires to attempt settlement discussions, that party should not be deprived of the first-filed rule's benefit simply because its adversary used the resulting delay in filing to proceed with the mirror image of the anticipated suit. Otherwise, potential plaintiffs would be discouraged from first attempting to resolve their claims without resorting to litigation.[76]

DRK's owner, Daniel Krasemann, has filed a declaration stating Arizona, not New York, is his preferred venue.[77]  This is conclusively demonstrated by the copyright infringement lawsuit he has filed in Arizona.  Why did Wiley file this action in New York, preferring it even to New Jersey, where its corporate headquarters and all of the documents, other evidence, and witnesses relevant to this action are located?  It did so (1) to inconvenience and financially burden DRK (the disparity in size and resources between Wiley and DRK could hardly be

---

[74] Complaint ¶14.
[75] *See* Krasemann Decl. ¶¶ 20-21 and Exhibit 10 thereto.
[76] *Ontel*, 899 F. Supp. 1144 at 1150.
[77] Krasemann Decl. ¶¶ 2- 15.

greater), and (2) to forum shop for more favorable law on the statute of limitations for copyright infringement claims.

While Wiley alleges its principal place of business was located in New York "at times," (more than nine years ago) and it maintains "an office" in New York, it does not allege any relevant evidence or witnesses are located there.[78]  A New York office is not even listed as one of Wiley's locations on its website, although it lists 24 other offices and distribution centers.[79] On the law, the Ninth Circuit (where DRK is located) and Third Circuit (Wiley's headquarters) have adopted the "discovery rule," which permits DRK to bring claims for copyright infringement within three years from the date DRK first learned of the infringements.[80]  This rule is favorable to DRK, since DRK will allege Wiley has been infringing copyrights since approximately 1997, but DRK only learned of the infringements recently.[81]  Some courts in this district, however, contrary to Second Circuit precedent applying the discovery rule,[82] have adopted the "injury rule," which starts the claim accrual clock the moment an infringement occurs, even if the plaintiff does not discover the infringement until many years later.[83]

The court in *Ontel* noted the anticipatory filing exception to the first-filed rule "should

---

[78] Complaint ¶ 2; DRK's records indicate Wiley moved its offices to New Jersey in the summer of 2002, nearly 10 years ago.  *See* Krasemann Decl. ¶ 5 and Exhibit 1 thereto.

[79] *See* <u>Exhibit B</u>.

[80] *See Polar Bear Prods., Inc. v. Timex Corp.,* 384 F.3d 700, 705-07 (9th Cir. 2004); *Wm. A. Graham Co. v. Haughey*, 568 F.3d 425, 434-35 (3d Cir. 2009).

[81] *See Graham,* 568 F.3d at 434-35 (applying the "discovery rule," under which a claim accrues when the plaintiff discovers or should have discovered the infringement).

[82] *Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996), *Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir.1992), *cert. denied*, 508 U.S. 906 (1993); *see also Parks v. ABC, Inc.,* No. 08-2514-cv, 2009 WL 2488086, *1 (2d Cir. Aug. 17, 2009) (summary order).

[83] *See Auscape International v. National Geographic Society*, 409 F. Supp. 2d 235 (S.D.N.Y. 2004) (applying the "injury rule," under which the statute of limitations begins to run at the moment of infringement, regardless of whether the plaintiff had any knowledge of the infringing activity).

operate so as to benefit those parties who were prepared, and had every intention, to pursue foreseeable legal action but failed to bring suit first due solely to their attempt to settle the matter without court involvement."[84]   The fact that DRK filed its action in Arizona less than three weeks after Wiley filed its action in New York is evidence that DRK was "prepared, and had every intention, to pursue foreseeable legal action," but for its attempts to settle its claims with Wiley.

Further, Wiley Complaint does not seek relief beyond what DRK's suit encompasses, another factor the *Ontel* court relevant.[85]   Wiley's Complaint seems to anticipate DRK would make this observation, and so it alleges "Wiley has suffered and will continue to suffer harm as a result of communications made, upon information and belief, by DRK to third parties in which DRK asserts that Wiley has committed fraud, violated the law and is liable to DRK."[86]   But Wiley failed to file a claim for defamation or seek damages for this alleged wrongful conduct. Wiley's complaint does not set out any facts to support its allegation DRK has made harmful statements to third parties, and never raised this alleged harm to DRK during pre-filing negotiations.[87]   These facts contradict Wiley's attempt to demonstrate its declaratory judgment filing was proper because it seeks additional relief.[88]   Because Wiley's declaratory judgment

---

[84] *Ontel*, 899 F. Supp. at 1151.

[85] *Id*. at 1151-52.

[86] Complaint ¶ 21; *see also* ¶ 27.

[87] *See* Krasemann Decl. ¶ 24.

[88] *See, e.g. 800-Flowers, Inc. v. Intercontinental Florist, Inc*., 860 F.Supp. 128 (S.D.N.Y. 1994) (first-filed action not improper where the first-filer "contend[ed] it filed its action . . . in response to the disparaging remarks made by [its adversary] to potential . . . customers and with the hope of deterring unfair trade tactics."); *Ivy-Mar Co., Inc. v. Weber-Stephen Prods. Co*., No. 93 Civ. 5973, 1993 WL 535166, at *2 (S.D.N.Y. Dec. 22, 1993) (party making the accusations of infringement had sent letters to customers of its adversary that claimed the adversary was engaging in infringement; adversary proceeded to also pursue affirmative causes of action for libel and trade disparagement, therefore first-filed suit was not improper).

action in New York is an improper anticipatory filing, DRK requests the Court dismiss it and allow the parties to pursue their claims in Arizona.

Even if the first-filed case is not an improper anticipatory declaratory judgment filing, the court may still dismiss or transfer the case under the second exception to the first-filed rule, after evaluation of the same factors it would consider in a motion to transfer under 28 U.S.C. § 1404(a).[89] Those factors are:

> (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.[90]

At the outset, DRK denies Wiley's allegation in its Complaint that DRK "has purposely targeted its activities to and is systematically transacting, doing, and soliciting business in this district . . ."[91] While DRK does not move to dismiss for lack of specific personal jurisdiction, DRK does not agree that its very occasional contacts with New York and business transactions that originate in Arizona rise to the level of Wiley's allegations.[92]

First, DRK's witnesses are located in Arizona,[93] and Wiley's witnesses involved in licensing and management are located at its corporate headquarters in New Jersey.[94] Any convenience to Wiley's witnesses who reside in New Jersey should be disregarded, since "[t]he convenience of witnesses who reside in neither the current nor the transferee forum is irrelevant

---

[89] *Ontel*, 899 F. Supp. at 1153.
[90] *800-Flowers*, 860 F.Supp. at 133.
[91] Complaint ¶ 7.
[92] Krasemann Decl. ¶¶ 2-11.
[93] *Id*. ¶¶ 2-4, 8.
[94] *See* Complaint ¶ 2; *see also* Krasemann Decl. ¶ 5 and Exhibit 1 thereto.

when considering a motion to transfer."[95]  DRK is not aware of any witnesses for either party who are located in New York.  This factor therefore favors Arizona.

Second, DRK's documents, consisting of paper letters, invoices, and other proof are located exclusively in Arizona,[96] while Wiley's documents and other proof are located at its corporate headquarters in New Jersey.[97]  Since none of the proof is located in New York, this factor also favors Arizona as the most convenient forum.

Third, the convenience of the parties favors Arizona.  It would of course be more convenient for each party to litigate the claims in their home states,[98] but New York is not the home state of either party.  Importantly, DRK is a sole proprietorship, and the inconvenience to Mr. Krasemann of litigating his claims in a distant forum would weigh heavier on DRK than on Wiley.[99]  DRK would be required to shut down its operations entirely during any court appearances in New York, and traveling from DRK's location in Sedona, Arizona to New York is both difficult and very costly.[100]  Wiley is a multi-billion dollar, worldwide corporation, that has chosen to sell its infringing products containing DRK photographs in Arizona and throughout the nation, and should not be permitted to object to the inconvenience of defending itself there.

Fourth, the locus of operative facts favors Arizona.  Wiley has not alleged any operative

---

[95] *Herbert Ltd. P'ship v. Elec. Arts Inc*., 325 F.Supp.2d 282, 288 (S.D.N.Y.2004) (citations omitted).
[96] Krasemann Decl. ¶ 4.
[97] *See* Complaint ¶ 2.
[98] Krasemann Decl. ¶ 12.
[99] *Hilb Rogal*, 2005 WL 441509 * 5 ("MacGinnitie is an individual, and while it does not appear he is lacking in means, the hardship of having to travel to litigate naturally weighs more heavily on him than on a corporate plaintiff.").
[100] Krasemann Decl. ¶ 13-14.

facts that occurred in New York.[101]  DRK conducted all its business with Wiley in Arizona. Wiley conducted its business with DRK initially from New York more than nine years ago but exclusively from New Jersey since 2002.[102]  The majority of the operative facts therefore lies not in New York, but rather in Arizona where DRK has been doing business throughout the parties' relationship.[103]

Fifth, the ability of the court to compel attendance of unwilling witnesses does not favor either party.  DRK is not aware of any unwilling witnesses who are located in Arizona or New York such that either court would be able to compel their attendance.[104]

Sixth, the relative means of the parties strongly favors Arizona.  "Where disparity exists between the parties, such as an individual plaintiff suing a large corporation, the relative means of the parties may be considered."[105]  Mr. Krasemann, an individual and the owner as sole proprietor of DRK, will be much more heavily burdened by litigating his claims in New York than Wiley, which call itself a "leading publisher providing content and services to customers worldwide."[106]

Seventh, the forum's familiarity with governing law favors neither forum.  Both New York and Arizona district courts are familiar with and able to apply federal copyright law.[107]  If

---

[101] Wiley has only alleged that "[p]reviously, at times relevant to matters alleged herein, Wiley's principal place of business was located in New York, NY."  Complaint ¶ 2.

[102] Krasemann Decl. ¶¶ 4, 5.

[103] *See Matta v. Roswell Park Cancer Institute Corp.*, 2011 WL 3104889 * 5 (S.D.N.Y. 2011) (finding this factor favored transfer where "the complaint alleges no operative facts that occurred within the Southern District" and "plaintiff [has not] refuted defendants' assertion that the events described in the complaint all occurred within the Western District.").

[104] *See* Fed. R. Civ. P. 45.

[105] *Berman v. Informix Corp.*, 30 F.Supp.2d 653, 659 (S.D.N.Y. 1998).

[106] Complaint ¶ 8.

[107] *See Colour & Design v. U .S. Vinyl Mfg. Corp.*, No. 04 Civ. 8332, 2005 WL 1337864, at *5 (S.D .N.Y. June 3, 2005) (federal courts "are presumed to be equally familiar with the governing (*continued*)

the Court does not compel arbitration of Wiley's declaratory judgment fraud claims here, Wiley's fraud claims and any fraud counterclaims DRK files in this action would be evaluated under Arizona law, since DRK received and relied on Wiley's representations, and suffered harm, in Arizona.[108] Additionally, the parties' agreements on or after July 11, 1995 include a choice of law provision that applies the laws of the State of Arizona.  In that case, this factor would favor Arizona.

Eighth, the Court should accord little weight to the Wiley's choice of forum here, since, as outlined above, Wiley has only the most tenuous connections to New York, while DRK's business, records, and witnesses are all located in Arizona.  The Second Circuit has held the plaintiff's choice of forum does not "overshadow[ ] all other considerations" in the convenience analysis, but is merely one factor among many.[109]  Further, a "plaintiff['s] choice of forum is accorded less weight where the plaintiff['s] chosen forum is neither their home nor the place where the operative facts of the action occurred."[110]  This factor does not favor Wiley's chosen forum of New York.

Ninth, trial efficiency and the interests of justice favor Arizona.  Under this factor, "[c]ourts should also consider the "'practical problems that would make the trial of a case easy, expeditious and inexpensive."'[111]  Trial of this case would be more difficult and expensive in New York.

---

law" in copyright action).

[108] *See In re Currency Conversion Fee Antitrust Litig.*, 230 F.R.D. 303, 311 (S.D.N.Y. 2004) (tort claims are governed by law of the state where tort took place, usually where the alleged victim resided, which is the locus of his economic loss).

[109] *New York Marine and General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 113 (2d Cir. 2010).

[110] *Dwyer v. Gen. Motors Corp.*, 853 F.Supp. 690, 694 (S.D.N.Y.1994).

[111] *Id.* at 694-95 (*quoting Ryer v. Harrisburg Kohl Brothers, Inc.*, 307 F.Supp. 276 (S.D.N.Y. 1969)).

On balance, a number of factors favor Arizona as the proper district or are neutral, while no factor favors New York. Therefore, the convenience factors fit within the second exception to the "first-filed" rule, and provide a basis for dismissal of this action in favor of the presently pending action in Arizona.[112]

## CONCLUSION

DRK respectfully requests the Court dismiss Count I of Wiley's Complaint pursuant to Rule 12(b)(6) because Wiley has failed allege the copyrights-in-suit are registered. Wiley's Complaint omits any identification of the copyrights-in-suit or its non-infringing actions, uses, or products. Also, Wiley does not have standing to bring its copyright claims because it expressly alleges DRK does not own the copyrights on which it is suing. DRK further requests the Court dismiss Count II of Wiley's Complaint under Rule 12(b)(3) because the parties agreed to arbitrate fraud claims; therefore Wiley brought this action in an improper venue. DRK also requests the Court dismiss Count II under Rules 12(b)(6) and 9 because Wiley has not pleaded fraud with the requisite particularity. Finally, DRK moves the Court to dismiss all claims under a long-recognized exception to the first-filed rule. Wiley's choice of forum should not be given preference because (1) it brought an improper anticipatory filing, and (2) DRK's copyright infringement action in the District of Arizona is the proper forum in which to litigate any claims.

---

[112] *Ontel*, 899 F. Supp. at 1153.

Dated: August 26, 2011

Defendant DRK Photo, by its attorneys,

/S  Edward Hernstadt
Edward Hernstadt
Hernstadt Atlas LLP
11 Broadway, Suite 615
New York, New York 10004
Tel: 212-809-2501
Fax: 212-214-0307
ed@heatlaw.com

Maurice Harmon
Harmon & Seidman LLC
The Pennsville School
533 Walnut Drive
Northampton, PA 18067
Tel:  (610) 262-9288
Fax:  (610) 262-9557
maurice@harmonseidman.com
*Of Counsel*

Christopher Seidman
Harmon & Seidman LLC
P.O. Box 3207
Grand Junction, CO 81502
Tel: (970) 245-9075
Fax: (970) 245-8086
Email: chris@harmonseidman.com
*Of Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2011, I caused the foregoing pleading to be filed via the CM/ECF system, which will serve a Notice of Electronic Filing to all counsel of record.

s/ Edward Hernstadt
Edward Hernstadt