Christopher Seidman
Harmon & Seidman LLC
P.O. Box 3207
Grand Junction, CO 81502
Tel: (970) 245-9075
Fax: (970) 245-8086
Email: chris@harmonseidman.com
*Attorney for Defendant DRK Photo*

Maurice Harmon
Harmon & Seidman LLC
The Pennsville School
533 Walnut Drive
Northampton, PA 18067
Tel:  (610) 262-9288
Fax:  (610) 262-9557
maurice@harmonseidman.com
*Attorney for Defendant DRK Photo*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN WILEY & SONS, INC.,                      :
                         Plaintiff,    :    1:11-CV-05454-GBD
                                      :    ECF Case
                     v.           :
                                      :
DRK PHOTO, a sole proprietorship,             :    ANSWER AND COUNTERCLAIM
                                      :
                      Defendant.    :    DEMAND FOR JURY TRIAL
------------------------------------------------------------X
DRK PHOTO, a sole proprietorship,             :
                 Counterclaimant,   :
                                      :
                     v.           :    Amended Complaint Filed:
                                      :    August 5, 2011
JOHN WILEY & SONS, INC.                       :
                                      :
               Counterdefendant.   :
------------------------------------------------------------X

## ANSWER

Defendant, DRK Photo ("DRK"), by its undersigned attorneys answers as follows:

## NATURE OF ACTION

1. Defendant denies the allegations of Paragraph 1 of the Amended Complaint, except that Defendant admits it asserted that Wiley has infringed the copyrights in numerous stock photographs previously licensed by DRK to Wiley.

## THE PARTIES

2. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 2 of the Amended Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Amended Complaint.

## JURISDICTION AND VENUE

4. Defendant admits the allegations of Paragraph 4 of the Amended Complaint.

5. Defendant neither admits nor denies the allegations of Paragraph 5 of the Amended Complaint, but leaves Plaintiff to its proofs.

6. Defendant neither admits nor denies the allegations of Paragraph 6 of the Amended Complaint, but leaves Plaintiff to its proofs.

7. Defendant neither admits nor denies the allegations of Paragraph 7 of the Amended Complaint, but leaves Plaintiff to its proofs.

## FACTS COMMON TO ALL CLAIMS

8. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 8 of the Amended Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 9 of the Amended Complaint.

10. Defendant admits the allegations of Paragraph 10 of the Amended Complaint.

11. Defendant admits the allegations of Paragraph 11 of the Amended Complaint, except that Defendant denies that Wiley properly identified the photographs from Defendant's stock that it would use, in which publication photographs would be used, and the estimated print-run of the publication containing the photographs.

12. Defendant admits licensing photographs to Wiley between 1997 and 2002. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 of the Amended Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Amended Complaint.

14. Defendant denies the allegation that Wiley provided a good faith estimate of print runs. Defendant admits the remaining allegations of Paragraph 14 of the Amended Complaint.

15. Defendant neither admits nor denies the allegations of Paragraph 15 of the Amended Complaint, but leaves Plaintiff to its proofs.

16. Defendant denies the allegations of Paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Amended Complaint.

18. Defendant admits the allegations of Paragraph 18 of the Amended Complaint.

19. Defendant admits the allegations of Paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Amended Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Amended Complaint.

23. Defendant admits works created by these photographers are available from numerous stock photograph agents, but Defendant denies the remaining allegations of Paragraph 23 of the Amended Complaint.

24. Defendant admits asserting copyright infringement claims against Wiley, but denies Wiley's actions in exceeding license agreements are permissible and Defendant denies that Wiley's actions are not actionable as copyright infringement.

## FIRST CLAIM FOR DECLARATORY RELIEF

25. Defendant incorporates by reference its responses to paragraphs 1-24 of the Amended Complaint as if set forth at length herein.

26. Defendant admits it asserted claims against Wiley for copyright infringement, but Defendant denies the remaining allegations of Paragraph 26 of the Amended Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 of the Amended Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Amended Complaint.

A. Defendant denies Plaintiff is entitled to any relief as set forth in the WHEREFORE Paragraph A of the Amended Complaint.

B. Defendant denies Plaintiff is entitled to any relief as set forth in the WHEREFORE Paragraph B of the Amended Complaint.

C. Defendant denies Plaintiff is entitled to any relief as set forth in the WHEREFORE Paragraph C of the Amended Complaint.

D. Defendant denies Plaintiff is entitled to any relief as set forth in the WHEREFORE Paragraph D of the Amended Complaint.

## AFFIRMATIVE DEFENSES

31. Plaintiff's Amended Complaint fails to state a cause of action upon which relief may be granted.

32. Plaintiff's breach of license agreements and infringement of Defendant's copyrights do not entitle Plaintiff to damages, reformation, or declaratory relief of any kind.

33. Plaintiff's publication of Defendant's photographs in excess of the limited license sought by Defendant and granted to Defendant constitutes unclean hands; therefore, Plaintiff is not entitled to damages, reformation, declaratory relief, or any other relief.

34. Plaintiff has not suffered any injury by reason of any of the acts alleged in the Amended Complaint to have been committed by Defendant.

35. Plaintiff's Amended Complaint is barred by collateral estoppel.

36. Plaintiff's Amended Complaint is barred by res judicata.

37. Any conduct of defendant alleged by Plaintiff to give rise to a claim was reasonable and justified.

38. Plaintiff's claims are barred under by it's own inequitable conduct.

39. Defendant's conduct was not the proximate cause of Plaintiff's alleged damages.

40. Plaintiff's claims are barred by equitable defenses.

41. Plaintiff failed to mitigate damages.

42. Defendant complied with all applicable laws, regulations and standards.

43. Plaintiff's Amended Complaint is barred by the doctrines of fraud and illegality.

44. Plaintiff's Amended Complaint is barred by the doctrine of avoidable consequences.

45. Plaintiff's Amended Complaint seeks a remedy barred as against public policy.

## COUNTERCLAIMS

Counterclaimant, DRK Photo ("DRK"), brings these Counterclaims against Counterdefendant, John Wiley & Songs, Inc. ("Wiley") as follows:

## NATURE OF COUNTERCLAIM

46. This is an action for copyright infringement brought by DRK, the holder of all copyrights to the photographs described hereafter and originally licensed for limited use by Wiley, against Wiley for uses of DRK's photographs without its permission.

## JURISDICTION

47. This is an action for injunctive relief, statutory damages, monetary damages, punitive damages and interest under the copyright laws of the United States.

48. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

## VENUE

49. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a).

## THE PARTIES

50. DRK is a Sedona, Arizona, stock photography agency engaged in licensing photographic images to publishers, including Wiley. DRK is a sole proprietorship owned and operated since 1981 by Daniel R. Krasemann, a United States citizen and a resident of Sedona.

51. Wiley is publisher of educational textbooks, with its primary office in Hoboken, New Jersey. Wiley sells and distributes textbooks in Arizona and throughout the United States, including the publications in suit and ancillary materials, in which DRK's photographs are unlawfully reproduced.

## FACTS COMMON TO ALL CLAIMS

52. DRK is the owner and exclusive copyright holder of the photographic images ("Photographs") depicted in Exhibit 1, whose registration status with the United States Copyright Office is set forth in that exhibit.

53. Between 1997 and 2009, DRK sold Wiley limited licenses to use copies of the Photographs in numerous educational publications. The licenses DRK granted Wiley were expressly limited by number of copies, distribution area, language, duration and/or media as set forth in Exhibit 1.

54. DRK granted the limited use licenses in response to Wiley's representations to DRK that the use of the Photographs would not exceed the limitations contained in its license

requests (see Exhibit 2-A through 2-K for Wiley's requests and DRK's licenses).

55. At the time Wiley represented to DRK in its license requests that it needed specified, limited licenses to use the Photographs, Wiley often knew its actual uses under the licenses would exceed the permissions it was requesting and paying for.

56. Wiley intended by its misrepresentations to obtain access to the Photographs at a lower cost than it would have paid had it been honest in its dealings with DRK, and to conceal the copyright infringements that followed.

57. Wiley's false and misleading representations deceived DRK and concealed the copyright infringements that followed.

58. Wiley's scheme was effective and worked as intended. For years Wiley's infringements were concealed.

59. Wiley alone knows the full extent to which it has infringed DRK copyrights.

60. On February 4, 2011 and July 6, 2011, DRK requested Wiley provide DRK with information regarding Wiley's uses of DRK Photographs. Wiley has not provided the requested information.

61. Wiley exceeded the permitted uses under the terms of the limited licenses identified in Exhibit 1.

62. Upon information and belief, Wiley used the Photographs without *any* license or permission in additional publications. Because Wiley alone knows these wholly unauthorized uses, DRK cannot further identify them without discovery. Upon information and belief, Wiley has developed a list of its wholly unlicensed uses and

63. DRK's Photographs are among those Wiley has so identified.

64. Wiley's practice of requesting and paying for a license for limited uses, and then

exceeding those licensed uses, extends beyond the publications in suit. While the lost licensing fee to any individual copyright holder is relatively small, Wiley has sold and distributed millions of these publications, generating billions in revenue and profits.

65. Wiley's business model, built on a foundation of pervasive and willful copyright infringement, deprived DRK and thousands of other visual art licensors of their rightful compensation and unjustly enriched Wiley with outlandish profits in the process.

66. Exhibit 3 sets forth examples of Wiley's infringements of one of several license parameters – print limits – in licenses issued by Visuals Unlimited, Inc. another stock photography agency whose photographs have been infringed by Wiley.

67. Upon information and belief, Wiley transmitted the Photographs to other entities, subsidiary companies, divisions, affiliates, and/or third parties, who then translated the publications at issue into additional languages and included the Photographs in the translated publications without permission.  By transmitting the Photographs to other entities, Wiley enabled, induced, caused, facilitated, or materially contributed to the unauthorized use of the Photographs.

68. Upon information and belief, Wiley knew when it transmitted the Photographs that the Photographs would be used without authorization.

69. Upon information and belief, Wiley knew that the Photographs were used without authorization.

70. Upon information and belief, Wiley had the right and ability to supervise the use of the Photographs.

71. Upon information and belief, Wiley enabled, induced, caused, facilitated, or materially contributed to the infringing activity by those entities to which Wiley transmitted the Photographs.

72. Upon information and belief, Wiley profited from its transmission of the Photographs to other entities.

73. All exhibits attached hereto are incorporated by reference into this Amended Complaint.

## COUNT I

### COPYRIGHT INFRINGEMENT

74. DRK incorporates herein by this reference each and every allegation contained in each paragraph above.

75. The foregoing acts of Wiley constitute infringements of DRK's copyrights in the Photographs in violation of 17 U.S.C. § 501 *et seq*.

76. DRK suffered damages as a result of Wiley's unauthorized use of the Photographs.

## COUNT II

### CONTRIBUTORY INFRINGEMENT

1. DRK incorporates herein by this reference each and every allegation contained in each paragraph above.

2. The foregoing acts of Wiley constitute contributory infringement of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.

3. Wiley had knowledge of the unauthorized use of the Photographs.

4. Wiley enabled, induced, caused, facilitated, or materially contributed to the unauthorized use of the Photographs.

5. DRK suffered damages as a result of the unauthorized use of the Photographs.

## COUNT III

## VICARIOUS INFRINGEMENT

6. DRK incorporates herein by this reference each and every allegation contained in each paragraph above.

7. The foregoing acts of Wiley constitute vicarious infringement of DRK's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.

8. Wiley had the right and ability to control the infringing conduct of other entities.

9. Wiley received a direct financial benefit from the unauthorized use of the Photographs.

10. DRK suffered damages as a result of the unauthorized use of the Photographs.

Wherefore, DRK prays for judgment against Wiley as follows:

77. For an Order declaring that any use of DRK photographs by Wiley beyond the limits of the applicable license agreement constitutes copyright infringement;

78. That DRK recover its costs and disbursement incurred in this action, including reasonable attorneys' fees; and

79. Awarding to DRK such other and additional relief as this Court may deem just, proper and equitable.

Dated: May 31, 2012

                Defendant DRK Photo, by its attorneys,

                <u>s/ Christopher Seidman</u>

                Christopher Seidman
                Harmon & Seidman LLC
                P.O. Box 3207
                Grand Junction, CO 81502
                Tel: (970) 245-9075
                Fax: (970) 245-8086
                Email: chris@harmonseidman.com
                *Of Counsel*

                Maurice Harmon
                Harmon & Seidman LLC
                The Pennsville School
                533 Walnut Drive
                Northampton, PA 18067
                Tel:  (610) 262-9288
                Fax:  (610) 262-9557
                maurice@harmonseidman.com
                *Of Counsel*

                Edward Hernstadt
                Hernstadt Atlas LLP
                11 Broadway, Suite 615
                New York, New York 10004
                Tel: 212-809-2501
                Fax: 212-214-0307
                ed@heatlaw.com

**JURY TRIAL DEMAND**

DRK demands a trial by jury of all issues permitted by law.

Dated: May 31, 2012

        Defendant DRK Photo, by its attorneys,


        s/ Christopher Seidman
        Christopher Seidman
        Harmon & Seidman LLC
        P.O. Box 3207
        Grand Junction, CO 81502
        Tel: (970) 245-9075
        Fax: (970) 245-8086
        Email: chris@harmonseidman.com
        *Of Counsel*

        Maurice Harmon
        Harmon & Seidman LLC
        The Pennsville School
        533 Walnut Drive
        Northampton, PA 18067
        Tel:  (610) 262-9288
        Fax:  (610) 262-9557
        maurice@harmonseidman.com
        *Of Counsel*


        Edward Hernstadt
        Hernstadt Atlas LLP
        11 Broadway, Suite 615
        New York, New York 10004
        Tel: 212-809-2501
        Fax: 212-214-0307
        ed@heatlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2012, I caused the foregoing pleading to be filed via the CM/ECF system, which will serve as Notice of Electronic Filing to all counsel of record.

<div style="margin-left:50%">

s/ Christopher Seidman
ATTORNEY

</div>