UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

| | | |
|---|---|---|
| JOHN WILEY & SONS, INC., | : | Index No. 11-CV-5454 (GBD) |
| Plaintiff-Counterdefendant, | : | |
| -against- | : | **ANSWER TO COUNTERCLAIMS** |
| DRK PHOTO, | : | **ECF Case** |
| Defendant-Counterclaimant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

Plaintiff-Counterdefendant, John Wiley & Sons, Inc. ("Wiley"), by its undersigned attorneys, answers DRK Photo's ("DRK") counterclaims as follows:

### NATURE OF COUNTERCLAIM

1. Wiley admits that this purports to be an action for the infringement copyright in stock (ordinary, easily replaced) photographs and denies the remaining allegations in Paragraph 46.

### JURUSDICTION

2. Answering Paragraph 47, Wiley admits that this action purports to be for injunctive relief, statutory damages, monetary damages, punitive damages and interest under the copyright laws of the United States, but denies that plaintiffs are entitled to such relief.

3. Wiley admits the allegations in Paragraph 48.

### VENUE

4. Wiley admits the allegations in Paragraph 49.

### THE PARTIES

5. Wiley denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 50.

6. Wiley admits that it is a New York corporation, that it publishes and distributes educational textbooks, and that it is headquartered in Hoboken, New Jersey.  Wiley denies the remaining allegations in Paragraph 51.

## FACTS COMMON TO ALL CLAIMS

7. Wiley denies the allegations in Paragraph 52.

8. Wiley admits that between 1997 and 2009 DRK granted licenses to Wiley for the use of photographs in educational publications.  Wiley denies the remaining allegations in Paragraph 53.

9. Wiley denies the allegations in Paragraph 54.

10. Wiley denies the allegations in Paragraph 55.

11. Wiley denies the allegations in Paragraph 56.

12. Wiley denies the allegations in Paragraph 57.

13. Wiley denies the allegations in Paragraph 58.

14. Wiley denies the allegations in Paragraph 59.

15. Wiley admits that in 2011 DRK requested information from Wiley.  Wiley denies the remaining paragraphs in Paragraph 60.

16. Wiley denies the allegations in Paragraph 61.

17. Wiley denies the allegations in Paragraph 62.

18. Wiley denies the allegations in Paragraph 63.

19. Wiley admits that the lost licensing fee, if any, from any individual license is small, and denies the remaining allegations in Paragraph 64.

20. Wiley denies the allegations in Paragraph 65.

21. Wiley denies the allegations in Paragraph 66.

22. Wiley denies the allegations in Paragraph 67.

23. Wiley denies the allegations in Paragraph 68.

24. Wiley denies the allegations in Paragraph 69.

25. Wiley denies the allegations in Paragraph 70.

26. Wiley denies the allegations in Paragraph 71.

27. Wiley denies the allegations in Paragraph 72.

28. No response to the allegations in Paragraph 73 is required.  To the extent a response is required, Wiley denies the allegations in Paragraph 73.

## COUNT I

## COPYRIGHT INFRINGEMENT

29. In response to Paragraph 74, Wiley realleges and incorporates each of the above allegations as set forth in paragraphs 1 through 28 by reference as if set forth herein at length.

30. Wiley denies the allegations in Paragraph 75.

31. Wiley denies the allegations in Paragraph 76.

## COUNT II

## CONTRIBUTORY INFRINGEMENT.

32. In response to Paragraph 1, Wiley realleges and incorporates each of the above allegations as set forth in paragraphs 1 through 31 by reference as if set forth herein at length.

33. Wiley denies the allegations in Paragraph 2.

34. Wiley denies the allegations in Paragraph 3.

35. Wiley denies the allegations in Paragraph 4.

36. Wiley denies the allegations in Paragraph 5.

## COUNT III

## VICARIOUS INFRINGEMENT

37. In response to Paragraph 6, Wiley realleges and incorporates each of the above allegations as set forth in paragraphs 1 through 36 by reference as if set forth herein at length.

38. Wiley denies the allegations in Paragraph 7.

39. Wiley denies the allegations in Paragraph 8.

40. Wiley denies the allegations in Paragraph 9.

41. Wiley denies the allegations in Paragraph 10.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the referenced numbered paragraph in DRK's Counterclaims. Wiley denies all allegations, declarations, claims or assertions in the Counterclaims that are not specifically admitted in this Answer.

## DEFENSES

By alleging the separate and additional defenses set forth below, Wiley is not in any way agreeing or conceding that they have the burden of proof or the burden of persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE

1. The Counterclaims fail to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. The claims are barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

3. The claims are barred by estoppel or waiver.

**FOURTH AFFIRMATIVE DEFENSE**

4. DRK lacks standing.

**FIFTH AFFIRMATIVE DEFENSE**

5. To the extent any copyright registrations are asserted by DRK as covering the photos in suit, Wiley alleges that such copyrights and registrations are invalid and/or unenforceable.

**SIXTH AFFIRMATIVE DEFENSE**

6. DRK's claims for copyright infringement are barred by the statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

7. To the extent DRK has suffered any damages, which Wiley expressly denies, DRK has failed to take any steps to mitigate its damages.

**EIGHTH AFFIRMATIVE DEFENSE**

8. To the extent that DRK's claims relate to Wiley's inclusion of a photograph in a later edition or revised version of a work for which Wiley previously was licensed, such reuse is non-infringing pursuant to the revision privilege contained in Section 201(c) of the Copyright Act.

**NINTH AFFIRMATIVE DEFENSE**

9. DRK's copyright infringement claims are barred because the complained-of uses by Wiley were pursuant to a license or permission, or were otherwise authorized.

**TENTH AFFIRMATIVE DEFENSE**

10. To the extent that Wiley's use, if any, of the works at issue exceeded rights held by Wiley, such use was made with an innocent intent and without any belief that any acts of Wiley constituted an infringement of copyright.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. To the extent that DRK is entitled to any relief (which Wiley denies), DRK is not entitled to statutory damages or attorneys' fees because the copyright registrations asserted by DRK as covering the photographs in suit are untimely.

**TWELFTH AFFIRMATIVE DEFENSE**

12. DRK's claims for relief are barred to the extent such relief is duplicative of relief sought by DRK in arbitration or other legal proceedings.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. DRK is not entitled to injunctive relief because any alleged injury is not immediate or irreparable and DRK has an adequate remedy at law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. DRK's claims are barred by DRK's own inequitable conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Wiley reserves the right to amend this Answer and plead additional or more specific defenses as warranted by the facts determined through the conclusion of the discovery process.

WHEREFORE, Wiley respectfully requests that:

    a. DRK's Counterclaims be dismissed in their entirety;

    b. Wiley be awarded its costs, including reasonable attorneys' fees; and

    c. Such other relief as the Court deems just and proper.

Dated: New York, New York  LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
       June 21, 2012

By: _____
    Robert Penchina
    Christopher P. Beall
321 West 44th Street, Suite 510
New York, NY 10036
(212) 850-6100
(212) 850-6299 (Fax)

*Attorneys for John Wiley & Sons, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2012, I caused the annexed Answer to Counterclaims to be served via the CM/ECF system upon all counsel of record.

_____
Robert Penchina