**PUBLIC VERSION
CONFIDENTIAL
MATERIAL OMITTED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN WILEY & SONS, INC.,                                                :
          Plaintiff, Counterclaim Defendant,   :       11-CV-05454 (GBD)(KNF)
                                  :       ECF Case
                    v.                                           :
                                  :
DRK PHOTO,                                                              :
          Defendant, Counterclaimant.           :
                                  :
-------------------------------------------------------------X

### DECLARATION OF ROBERT PENCHINA

ROBERT PENCHINA, pursuant to 28 U.S.C. § 1746, states:

      1.      I am a member of Levine Sullivan Koch & Schulz, LLP, counsel for John Wiley & Sons, Inc. in the above-captioned action.  I respectfully submit this declaration in connection with Wiley's Motion for Summary Judgment.

      2.      Attached as Exhibit 1 hereto are true and correct copies of  screen captures I personally made of pages accessible on the Internet at which stock photographs created by photographers listed on Exhibit 1 to the Counterclaims are offered to the public for sale and licensing by persons other than DRK Photo ("DRK").  Exhibit 1 also includes screen captures of portions of Exhibit 1 to DRK's Counterclaims for the purpose of identifying the stock photographs shown in the screen captures from the Internet.  All of the Internet screen captures were made by me during the pendency of the current case, some—such as the screen capture of the web page accessible at www.sharogersphotography.com/detail/12892.html —were made by me as recently as during May 2013.

      3.      Attached as Exhibit 2 hereto are true and correct copies of excerpts of the transcript of a deposition given on December 10, 2008 by Daniel Krasemann in the case *Wood v. Houghton Mifflin Harcourt Publishing*, 07 CV 1516-DME-BNB (D. Co.), which transcript was produced to

Wiley by DRK in connection with discovery in DRK Photo v. John Wiley & Sons, Inc., AAA 76 143 00193 11 (the "Related Arbitration").

4.      Attached as Exhibit 3 hereto are true and correct copies of exemplars of the non-exclusive agency agreements entered into by and between DRK and the photographers whose photos DRK offers to license, which agreements were produced by DRK in discovery in the Related Arbitration.  The exemplars included in Exhibit 3 relate to photographers Stephen Krasemann, Larry Ulrich and Stephen Maka.

5.      Attached as Exhibit 4 hereto are true and correct copies of emails from DRK to various photographers which emails were produced to Wiley by DRK in the Related Arbitration. The emails in Exhibit 4 include email from DRK to Annie Griffiths Belt; John Cancalosi; John Eastcott and Yva Momatiuk; Johnny Johnson; Kim Heacox; Larry Ulrich; Marty Cordano; Michael Fogden; Peter French; Stephen Maka; Steve and Barb Krasemann; Steve Kaufman; Tom and Pat Leeson; Tom Bean; and Tom Wiewandt.

6.      Attached as Exhibit 5 hereto are true and correct copies of emails from DRK to various photographers which emails were produced to Wiley by DRK during discovery in this case. The emails in Exhibit 5 include emails from DRK to Tom Brakefield; Marc Epstein; Barbara Gerlach; Darrell Gulin; Bob Gurr; Lewis Kemper; Wayne Lynch; Barbara Rowell; Anup and Manoj Shah; Tom Till; Stephen Trimble; Jeremy Woodhouse; and Gary Zahm.  For each photographer included in this Exhibit, the Exhibit contains the email in both formats produced by DRK; specifically, a copy of printouts that bear production numbers but do not include the "To" line or a date, and a printout of the email from the native format which does include the date and "To" lines but no production numbers.

7.      Attached as Exhibit 6 hereto is a true and correct copy of the form agreement entitled "Copyright Assignment, Registration, and Accrued Causes of Action Agreement" that was produced to Wiley by DRK during discovery in the Related Arbitration, which was identified as Exhibit D8 during the Deposition of Dan Krasemann taken during the Related Arbitration, and which was attached to each of the emails comprising Exhibits 4 and 5 hereto.

8.      Attached as Exhibit 7 hereto is a true and correct copy of an email, dated November 18, 2008, from Dan Krasemann to John Cancalosi that was produced to Wiley by DRK during discovery in the Related Arbitration, and which was identified as Exhibit D14 during the Deposition of Dan Krasemann taken during the Related Arbitration.

9.      Attached as Exhibit 8 hereto is a true and correct copy of an email exchange between Jacqueline Gurr and Dan Krasemann, dated June 30, 2008, that was produced to Wiley by DRK during discovery in this case, and which was identified as Exhibit 15 during the Deposition of Dan Krasemann conducted in this case.

10.     Attached as Exhibit 9 hereto is a true and correct copy of an email, dated August 20, 2008 from Dan Krasemann to Marc Epstein, that was produced to Wiley by DRK during discovery in this case, and which was identified as Exhibit 16 during the Deposition of Dan Krasemann conducted in this case.  This Exhibit contains the email in both formats produced by DRK; specifically, a copy of a printout that bears production numbers but does not include the "To" line or a date, and a printout of the email from the native format which does include the date and "To" lines but no production number.

11.     Attached as Exhibit 10 hereto is a true and correct copy of an email exchange, dated September 20 and 16, 2008 between Dan Krasemann and Marc Epstein, that was produced to Wiley

by DRK during discovery in this case, and which was identified as Exhibit 17 during the Deposition of Dan Krasemann conducted in this case.

12.     Attached as Exhibit 11 hereto is a true and correct copy of an email, dated August 9, 2010 from Dan Krasemann to Stephen Trimble, that was produced to Wiley by DRK during discovery in this case.  This Exhibit contains the email in both formats produced by DRK; specifically, a copy of a printout that bears production numbers but does not include the "To" line or a date, and a printout of the email from the native format which does include the date and "To" lines but no production number.

13.     Attached as Exhibit 12 hereto is a true and correct copy of an email, dated July 14, 2010 from Michael Collier to Dan Krasemann that was produced to Wiley by DRK during discovery in this case.  This Exhibit contains the email in both formats produced by DRK; specifically, a copy of a printout that bears production numbers but does not include the "To" line or a date, and a printout of the email from the native format which does include the date and "To" lines but no production number.

14.     Attached as Exhibit 13 hereto are true and correct copies of executed Copyright Assignment, Registration, and Accrued Causes of Action Agreement forms produced to Wiley by DRK during discovery in the Related Arbitration.  Exhibit 13 includes forms signed by Tom Bean; Tom Brakefield; John Cancalosi; Michael Collier; Marty Cordano; Justin Black; John Eastcott; Marc Epstein; Michael Fogden; P. French; Barbara Gerlach; Annie Griffiths Belt; Darrell Gulin; Bob Gurr; Martin Harvey; Kim Heacox; Johnny Johnson; Steven Kaufman; Lewis Kemp; Stephen Krasemann; Tom Leeson; Pat Leeson; Val W. Kruscka III; Wayne Lynch; Stephen G. Maka; Anup Shah; Manoj Shah; Stan Tekiela; Tom Till; Raymond Phillips; Shelly Zimmerman; Stephen Trimble; Larry Ulrich; Thomas Wiewandt; David Woodfall; Jeremy Woodhouse; and Gary Zahm.

15.     Attached as Exhibit 14 hereto are true and correct copy of a Copyright Assignment, Registration, and Accrued Causes of Action Agreement form executed by Stephan Krasemann produced to Wiley by DRK during discovery in the Related Arbitration, and which was identified as Exhibit D40 during the Deposition of Dan Krasemann in the Related Arbitration.

16.     Attached as Exhibit 15 hereto is a true and correct copy of a letter dated January 6, 2009 from Daniel R. Krasemann to Michael P. Collier that was produced to Wiley by DRK during discovery in this action, and which was identified as Exhibit 41 during the Deposition of Michael Collier that was conducted in this case.

17.     Attached as Exhibit 16 hereto is a true and correct copy of a letter dated April 21, 2011 from Daniel R. Krasemann to Michael P. Collier that was produced to Wiley by DRK during discovery in this action, and which was identified as Exhibit 43 during the Deposition of Michael Collier that was conducted in this case.

18.     Attached as Exhibit 17 hereto is a true and correct copy of an email from Michael Collier to Maurice Harmon that was produced to Wiley by Michael Collier during the Deposition of Michael Collier that was conducted in this case, and which was identified as Exhibit 48 at that deposition.

19.     Attached as Exhibit 18 hereto is a true and correct copy of United States Copyright Registration Number VAu 516-002, which registration was identified as Exhibit D3 during the Deposition of Dan Krasemann in the Related Arbitration.

20.     Attached as Exhibit 19 hereto is a true and correct copy of United States Copyright Registration Number VAu 175-200, which registration was identified as Exhibit D39 during the Deposition of Dan Krasemann in the Related Arbitration.

21.     Attached as Exhibit 20 hereto is a true and correct copy of the first and last pages of a document listing "Images SJK registered under VAu-516-002 3-13-2001" that DRK produced to Wiley during the Related Arbitration to identify the photographs that were submitted to the Copyright Office as part of the collection covered by Registration No. VAu 516-002.  The document from which Exhibit 20 is excerpted consists of a 98-page list of consecutive image numbers, beginning with 900001 on the first page of Exhibit 20, and ending with 905344 on the last page.

22.     Attached as Exhibit 21 hereto are true and correct copies of United States Copyright Registration Number VA 1-849-343 and a printout showing the photos covered by that registration that were produced to Wiley by DRK during discovery in this case.

23.     Attached as Exhibit 22 hereto is a true and correct copy of a document titled "Wiley FED CASE by image number" that was produced to Wiley by DRK during discovery in this case, and which was identified as Exhibit 10 during the Deposition of Dan Krasemann conducted in this case.

24.     Attached as Exhibit 23 hereto is a true and correct copy of a document titled "COPYRIGHT – IMAGE NUMBERS BY DATE" that was produced to Wiley by DRK during discovery in this case.

25.     Attached as Exhibit 24 hereto is a true and correct copy of a handwritten document with the notation "number start" on the top left corner of the first page that was produced to Wiley by DRK during discovery in this case.

26.     Attached as Exhibit 25 hereto is a true and correct copy of a document titled "John Wiley & Sons – PRICING OFFER (DRK PHOTO)" that was produced by Wiley to DRK during discovery in the Related Arbitration.

27.     Attached as Exhibit 26 hereto is a true and correct copy of a document titled "Agreement with DRK Photo" that was produced to Wiley by DRK during discovery in the Related Arbitration, and which was identified as Exhibit D54 during the Deposition of Dan Krasemann in the Related Arbitration.

28.     Attached as Exhibit 27 hereto is a true and correct copy of the Declaration of Christopher Seidman submitted in the case captioned *DRK Photo v. Houghton Mifflin Harcourt Publishing Co.*, No. 3:09-cv-8225-NVW (D. Az.) on August 6, 2010.

29.     Attached as Exhibit 28 hereto is a true and correct copy of an excerpt from Claimant DRK Photo's Response Memorandum Opposition to Respondent John Wiley & Sons, Inc.'s Motion for Summary Judgment, submitted by DRK in the Related Arbitration.

30.     Attached as Exhibit 29 hereto is a true and correct copy of DRK's Supplemental Response to John Wiley & Sons, Inc.'s Requests for Admission.

31.     Attached as Exhibit 30 hereto are true and correct copies of excerpts of the transcript of the Deposition of Dan Krasemann conducted in the Related Arbitration on June 7, 2012.

32.     Attached as Exhibit 31 hereto are true and correct copies of excerpts of the transcript of the Deposition of Dan Krasemann conducted in this case on February 18, 2013.

33.     Attached as Exhibit 32 hereto are true and correct copies of excerpts of the transcript of the Deposition of Julie Krasemann conducted in this case on February 19, 2013.

34.     Attached as Exhibit 33 hereto are true and correct copies of excerpts of the transcript of the Deposition of Michael Collier conducted in this case on March 18, 2013.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed at:   New York, New York
Dated:          May 23, 2013

                                                    */s/ Robert Penchina*
                                                    Robert Penchina