UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JOHN WILEY & SONS, INC.,                          :
                              Plaintiff,          :
                                                  :      1:11-CV-05454-KPF
                    v.                            :
                                                  :      ECF Case
DRK PHOTO, a sole proprietorship,                 :
                                                  :
                                                  :
                              Defendant.          :
                                                  :
-------------------------------------------------------       :
DRK PHOTO, a sole proprietorship,                 :
                              Counterclaimant,    :
                                                  :
                    v.                            :
                                                  :
JOHN WILEY & SONS, INC.                           :
                                                  :
                              Counterdefendant.   :
                                                  :
------------------------------------------------------------- 

---

### DRK PHOTO'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Defendant and counterclaimant DRK Photo ("DRK") hereby submits this Separate Statement of Undisputed Material Facts in support of its Motion For Partial Summary Judgment and Memorandum of Law pursuant to Fed. R. Civ. P. 56(a).

**A.    DRK holds the copyrights to the photographs identified in Exhibit A.**

1.    DRK is a Sedona, Arizona stock photography agency engaged in licensing photographic images to publishers, including John Wiley & Sons, Inc. ("Wiley"), as well as other clients.  *See* Second Declaration of Daniel Krasemann ("2nd Krasemann Decl."), DRK's owner, filed concurrently herewith, ¶ 2.

2.     DRK owns the photographs identified in Exhibit A[1] to this motion, filed with the Second Declaration of Autumn Witt Boyd submitted herewith.  DRK obtained the right to license the photos at issue (the "Photographs") through execution of various written agreements from the photographers who took them.  Copies of the agency agreements for the photographers whose photographs are in-suit were submitted to the Court as Exhibit 1 to Doc. 67, the First Declaration of Daniel Krasemann ("1st Krasemann Decl.").

3.     The photographers who created the photographs identified in Exhibit A also assigned their copyrights to DRK.  Those authors are identified on Exhibit A.  The assignments were submitted to the Court with Doc. 54, Declaration of Robert Penchina ("Penchina Decl.") Exhibit 13, and as Exhibit 2 to 1st Krasemann Decl.  The photographs listed in Exhibit A are referred to as "the Photographs."

4.     DRK also has, by assignment, the sole right to bring and resolve accrued and later accruing claims pertaining to the Photographs in the publications identified in Exhibit A. Penchina Decl. Exh. 13, 1st Krasemann Decl. Exh. 2.

5.     DRK's photographs are registered with the United States Copyright Office.  The registration certificates for the photographs identified in Exhibit A are submitted herewith.  2nd Krasemann Decl. ¶ 5, and Exhibit 1 thereto.

**B.     DRK's licenses to Wiley were limited in scope.**

6.     Between 1997 and 2009, in response to requests from Wiley, DRK issued licenses to Wiley for use of the Photographs, which were limited in terms of number of reproductions authorized, geographic distribution area, and media, among other limitations.  2nd Krasemann

---

[1] Because there is a dispute regarding the confidentiality of these documents, they have been submitted to the Court for review in accordance with the Protective Order in this case (Doc. 43).

Decl. ¶¶ 6-10 and Exhibit 2 thereto (licenses at issue in this motion).

7.     Wiley never sought a license renewal or permission from DRK to use the Photographs beyond the scope the licenses submitted here provided for, nor did DRK authorize Wiley to use its Photographs beyond the explicit uses granted in each license.  2nd Krasemann Decl. ¶ 16, 21.

8.     Wiley has admitted DRK's licenses "were not unlimited."  Second Declaration of Autumn Witt Boyd ("2nd Boyd Decl.") Exh. G, Wiley's Responses to DRK's Requests for Admissions, No. 9 (". . . Wiley admits that the rights it obtained for use of the Images were not unlimited.").

9.     Wiley's Rule 30(b)(6) witness Maryann Price agreed in her deposition that ". . . Wiley's practice and Wiley's understanding was that it had to get permission before reproduction of photographs were made in textbook products."  2nd Boyd Decl. Exh. E p. 55.

10.     Wiley's Rule 30(b)(6) witness Ryan Flahive agreed that Wiley "need[s] permission from photographers to use their photographs in electronic products."  2nd Boyd Decl. Exh. D, p. 97.

11.     Ms. Price agreed in another deposition that "before [Wiley] use[d] the photographs beyond the license limits, [Wiley] would get permission and make a payment for those uses." 2nd Boyd Decl. Exh. F, p. 21.

12.     Ms. Price further testified that, "[i]t was the understanding that [Wiley] would relicense anything that needed extra licensing if it went beyond our original license agreement." 2nd Boyd Decl. Exh. F, p. 21.   Wiley understood that the licenses DRK issued limited its ability to use DRK's Photographs, and that if it wanted to use the Photographs beyond the scope of the licenses, it was obligated to contact DRK and seek additional permissions.

13.     DRK's invoices state, on the front in a highlighted box, "Rights granted:  One-time, non exclusive reproduction rights to the photographs listed below, solely for the uses and specifications indicated, and limited to the individual edition, volume series, show, event or the like contemplated for this specific transaction (unless otherwise indicated in writing)."  2nd Krasemann Decl. ¶ 11 and Exh. 2, *see, e.g.,* Invoice 005443, Bates No. DRK v. Wiley AAA 00121.

14.     DRK was unable to locate Invoices 006933 and 006934 in its paper files, and these invoices were produced in discovery without the form on which they were originally printed.  However, the invoices that Wiley received were on the same form, and contained the exact same terms, as the other invoices.  2nd Krasemann Decl. ¶ 12 and Exh. 2, Bates Nos. DRK v. Wiley AAA 00150, 00155.

15.     Wiley's payment of the license fees set forth in DRK's invoices and subsequent use of the Photographs demonstrate its acceptance of the license terms.  2nd Krasemann Decl. ¶ 14 and Exh. 2.

16.     DRK and Wiley did not have any "course of dealing" that gave Wiley permission to exceed license limits first and pay later.  In fact, the terms and conditions printed on DRK's later invoices issued to Wiley explicitly state the opposite:  "If recipient desires to re-use an image or extend previous usage, then Recipient must request and pay for additional rights *prior to publication*."  2nd Krasemann Decl. ¶ 19 and Exh. 2, Invoice 9040, Bates No. DRK v. Wiley AAA 00239, 00245 (under "Terms as to Use") (emphasis added).  These terms are also included on Invoices 8795, 9243, and 9523.

17.     DRK and Wiley also did not have an agreement that any use by Wiley that exceeded license limitations would not be considered copyright infringement.  2nd Krasemann

Decl. ¶ 20.

**C.     Wiley used the Photographs listed in Exhibit A beyond the terms of DRK's licenses.**

18.     Exhibit A to DRK's motion for partial summary judgment is a summary exhibit of certain usage documents Wiley has produced in discovery.   In Exhibit A, DRK has identified some of Wiley's uses beyond license limits in red type.  2nd Boyd Decl. ¶ 6, Exh. A.

19.     Wiley's documents, produced in discovery, show that Wiley printed more than the licensed number of copies for each license where the actual print amount listed on Exhibit A is written in red type.  2nd Boyd Decl. ¶¶ 2-3, 6 and Exhibit B.[2]

20.     Wiley's documents, produced in discovery, show that Wiley distributed Plaintiff's Photographs beyond the licensed geographic distribution area, for each license where the actual geographic distribution is listed in red type on Exhibit A.  2nd Boyd Decl. ¶¶ 4-6 and Exhibit C.[3]

21.     Wiley's documents, produced in discovery, show that Wiley used DRK's Photographs in electronic media where it did not have permission to do so, for each license where the media designation is listed in red type on Exhibit A (2nd Boyd Decl. ¶¶ 3, 6 and Exh. B).

22.     Wiley has been sued at least 15 times in lawsuits across the United States alleging it used photographs in textbooks without authorization or in excess of license limits.  (2nd Boyd Decl. ¶ 11 and Exh. H).

---

[2] Because there is a dispute regarding the confidentiality of these documents, they have been submitted to the Court for review in accordance with the Protective Order in this case (Doc. 43).
[3] Because there is a dispute regarding the confidentiality of these documents, they have been submitted to the Court for review in accordance with the Protective Order in this case (Doc. 43).

DATED:  June 28, 2013

Defendant and Counterclaimant DRK Photo, by its attorneys,

s/ Maurice Harmon
Maurice Harmon, PA Bar No. 304872
Harmon & Seidman LLC
11 Chestnut Street
New Hope PA 18938
Telephone:  (917) 561-4434
maurice@harmonseidman.com

Christopher Seidman
Harmon & Seidman LLC
P.O. Box 3207
Grand Junction, CO 81502
Tel: (970) 245-9075
Fax: (970) 245-8086
Email: chris@harmonseidman.com

Adam DiLeo
Harmon & Seidman LLC
688 5th Avenue, PMB 4
Brooklyn, NY 11215
(917) 742-0880
adam@harmonseidman.com

CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2013, I caused a true and correct copy of the foregoing pleading to be filed via the cm/ecf system, which will serve a notice of electronic filing to all counsel of record.

s/ Autumn Witt Boyd
Autumn Witt Boyd