# *John Wiley & Sons, Inc. v. DRK Photo*
Case No. 1:11-cv-05454 (KPF)

# Supplemental Declaration of Robert Penchina
In Support of Motion for Summary Judgment

# Exhibit M

# Robert Penchina

| | |
|---|---|
| **From:** | Barker, Joseph - Hoboken <jobarker@wiley.com> |
| **Sent:** | Wednesday, May 09, 2012 4:29 PM |
| **To:** | Aggarwal, Ashima - Hoboken; Christopher Beall; Robert Penchina |
| **Subject:** | FW: DRK v. Wiley (AAA) |

Not sure why you're not on this one, either.


Joseph J. Barker
Attorney
John Wiley & Sons, Inc.
111 River Street
Hoboken, NJ 07030-5774
Phone: (201) 748-7862
Fax: (201) 748-6500
Email: jobarker@wiley.com


This message and any files transmitted with it may contain privileged, confidential and/or proprietary information. It is intended solely for the individual or entity named above. Unauthorized use of these materials is strictly prohibited. If you have received this message in error, please immediately contact the sender by replying to this message and delete the original message. Thank you.

**From:** Amanda Bruss [mailto:a.l.bruss@gmail.com]
**Sent:** Wednesday, May 09, 2012 3:52 PM
**To:** Barker, Joseph - Hoboken
**Cc:** Autumn Boyd; Maurice Harmon; Alex Kerr; Robert Crockett; Chris Seidman
**Subject:** Re: DRK v. Wiley (AAA)

Joe,

To address the remaining issues raised in your e-mail, I haven't completed review of the textbooks, having been out of town three of the last four weeks. I don't believe the arbitrator put a time limit on how long we could retain the books, however if there are textbooks in the set that you need for a hearing in another case and for which there is only one copy, please let me know and I'll try to get them back to you promptly.

Wiley Request No. 2: We do not believe that a search for correspondence related to the transfer agreements, which were produced, is warranted in this case. We also do not believe that DRK's licensing agreements with its photographers or related correspondence would be relevant to the issues in this case. A search for these documents would be burdensome on DRK, without any real benefit. The agreements produced as DRK v. Wiley AAA 00027-00063 assign the copyrights to the photographs and the right to bring all accrued claims related thereto, to DRK.

Wiley Request No. 3: A file marked 'photos' containing the images in .jpg format was included on the CD of documents produced on March 7, 2012. If you don't have them for some reason, please let me know and I'll burn another CD and send it out.

Wiley Request No. 9: Documents produced as DRK v. Wiley AAA 00064-01032 are responsive to this request. DRK has no additional documents to produce.

1

Wiley Request No. 10: DRK's response to this request cited to several lawsuits that DRK has filed against publishers for copyright infringement. To the extent these lawsuits represent 'monitoring,' the publicly filed documents for these cases are possibly responsive to your request, though we believe they're not really relevant to this case. DRK has no further documents to produce responsive to this request.

Wiley Request No. 12: DRK has no additional documents to produce responsive to this request.

Regards,

**Amanda L. Bruss**

Harmon & Seidman LLC
8010 East 29th Avenue
Denver, CO 80238
(415) 271-5754 (cell)
amanda@harmonseidman.com
Licensed in CA and CO

CONFIDENTIALITY NOTE:
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

On May 9, 2012, at 11:39 AM, Christopher Seidman wrote:

Joe,

We will provide available dates for DRK's deposition shortly.

We need to schedule Wiley's 30(b)(6) deposition before the end of May. The only days not available are May 15 and May 25. Please advise which dates work for Wiley.

Chris
Christopher Seidman
Harmon & Seidman LLC
101 South 3rd Street, Suite 265
Grand Junction, CO 81501
970-245-9075
www.harmonseidman.com
*(licensed in Colorado, NY & California)*

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the sender.


Begin forwarded message:


**From:** "Barker, Joseph - Hoboken" <jobarker@wiley.com>
**Date:** May 8, 2012 4:57:50 PM MDT
**To:** "Amanda Bruss (amanda@harmonseidman.com)" <amanda@harmonseidman.com>
**Cc:** "Christopher Beall (CBeall@lskslaw.com)" <CBeall@lskslaw.com>, "Robert Penchina (RPenchina@lskslaw.com)" <RPenchina@lskslaw.com>, "Aggarwal, Ashima - Hoboken"

2

<aaggarwa@wiley.com>, "Christopher Seidman (chris@harmonseidman.com)" <chris@harmonseidman.com>

**Subject: DRK v. Wiley (AAA)**

Amanda:

There a few outstanding issues that we need to deal with for this matter.

First, would you please arrange to send the DRK textbooks to Chris Beall's office? His address is 1888 Sherman Street, Suite 370, Denver, CO 80203.

Second, we'll need to schedule DRK's deposition(s). Can you provide us with dates this month when Mr. Krasemann will be available? Bob and/or Chris Beall will be able to coordinate a mutually agreeable deposition date with you.

Third, you should have received an email from "yousendit" containing additional documents from Wiley. We are producing emails bates-stamped as WDRKAAA 0001812-0002513. However, due to a temporary disruption in our email server, we are unable to provide a pst for these emails. We will send a pst for these emails as soon as the service is available.

Fourth, we have a few questions and comments regarding your client's document production.

Wiley's Request No. 2

In response to Wiley's document request number 2, while your client did produce transfer agreements, it did not produce any letters, emails, notes, etc. concerning these transfers. There must have been some communications between your client and the photographers concerning and/or explaining why your client needed to obtain the rights. Please produce these documents.

Similarly, your client did not produce any documents that reflect your client's right to license (to publishers, etc.) the photographs at issue. Please produce these documents, which would include contracts/licenses, letters, emails, etc., between the photographers and DRK.

Wiley's Request No. 3

In response to Wiley's document request number 3, I have not seen any electronic copies of the photographs nor any transparencies. We cannot evaluate the sufficiency of electronic copies if we don't have them. Please produce them so that we may evaluate whether we need the transparencies.

Wiley's Request No. 9

This request sought documents relating to damages claimed by plaintiffs. The complaint alleges that DRK suffered damages. Your objection to this request on the grounds that "damage" is a vague term, and the request is "not reasonably calculated to lead to the discovery of admissible evidence" is patently frivolous. Please produce all documents relating to the damages claimed by plaintiffs or confirm in writing that no documents exist apart from those specifically identified (I am not referring to those documents that you vaguely referred to because that is not a response to the request) in response to Request No. 9.

Wiley's Request No. 10

3

Request 10 sought documents relating to systems or procedures your client uses to monitor compliance with licenses granted by your client.  How did your client determine whether Wiley, or any other licensee of his photographs, exceeded the scope of a license?  Please produce responsive documents.

Wiley's Request No. 12

Request 12 sought documents relating to your allegations that Wiley committed fraud.  Your response references that other documents already had been produced, and indicated that plaintiffs would produce "any additional responsive documents."  Please confirm in writing that all such documents have been produced, and that your client possesses no additional responsive documents.

Thanks.

Regards,

Joe

Joseph J. Barker
Attorney
John Wiley & Sons, Inc.
111 River Street
Hoboken, NJ 07030-5774
Phone: (201) 748-7862
Fax: (201) 748-6500
Email: jobarker@wiley.com

This message and any files transmitted with it may contain privileged, confidential and/or proprietary information.  It is intended solely for the individual or entity named above.  Unauthorized use of these materials is strictly prohibited.  If you have received this message in error, please immediately contact the sender by replying to this message and delete the original message.  Thank you.

**HARMON & SEIDMAN** LLC          ATTORNEYS AT LAW          *Practice Limited to Copyright Infringement*

May 16, 2012

Brett L. Dunkelman, Esq.
2929 North Central Avenue
Suite 2100
Phoenix, AZ 85012
bdunkelman@omlaw.com

Re:    <u>DRK v. John Wiley & Sons, Inc., Case # 76 143 00193 11</u>
       *Via: Email*

Dear Mr. Dunkelman:

Pursuant to Arbitrator's April 5, 2012 order, the status of discovery in this case is as follows:

1.     Document Request No. 10

**DRK's Position**:  There are approximately 60 parent publications at issue in this case.  For each parent publication, Wiley has sold numerous versions, custom editions, and ancillaries, each with its own ISBN.  Claimant provided a list of 588 ISBNs to Respondent for production and inspection on February 20, 2012, in connection with the Arbitrator's January 30, 2012 Order.  Wiley's counsel initially indicated that Wiley had sixteen boxes of products to produce, but ended up shipping seven boxes of books to DRK's counsel in early April, containing only 58 of the 588 requested products.  For the vast majority of the titles at issue, DRK cannot ascertain whether the images in suit appear in the various ancillaries and custom editions Wiley has created.  As a result, without a stipulation that the Wiley's use information reflects its use of the images (not just products that may or may not contain the images) Wiley's spreadsheets do not answer DRK's questions regarding what uses Wiley has made of DRK's images.

**Wiley's position**: As an initial matter, Wiley notes that all of the issues raised by DRK in this letter appear to be calculated solely to increase the burden on Wiley rather than obtain legitimate discovery about works where DRK believes Wiley may have exceeded license terms.  DRK possesses more than sufficient documentation to make these determinations.

With respect to Request No. 10, Wiley does not possess any books other than those that it has already produced.  Wiley of course cannot produce, nor is it obligated to produce, documents that it does not possess.  Wiley has searched for other sources of information, including conducting a search for photo credit pages.  Due to the extreme age of the majority of the textbooks, however, Wiley was unable to locate many beyond the credits pages already produced with the textbooks and their related materials.  A technical glitch is holding up the production of the few Wiley was able to locate.  Wiley will not make the stipulation proposed by DRK.

Moreover, we note, that the Panel already ruled on the issue of custom editions and ancillaries.  *See* Order dated April 5, 2012.

---

| Maurice Harmon | Tel: 610-262-9288 | Christopher Seidman | Tel: 970-245-9075 |
| The Pennsville School | Fax: 610-262-9557 | 101 South 3rd St., Suite 265 | Fax: 970-245-8086 |
| 533 Walnut Drive | maurice@harmonseidman.com | PO Box 3207 | chris@harmonseidman.com |
| Northampton, PA 18067 | (Licensed in CO, PA) | Grand Junction, CO 81501 | (Licensed in CO, NY, CA) |

**HARMON & SEIDMAN** LLC           ATTORNEYS AT LAW          *Practice Limited to Copyright Infringement*

2.    Audit

**DRK's Position:** On March 15, 2012, the Arbitrator ordered that Wiley produce any audit prepared in the ordinary course of business and not at the direction of counsel, relating to the licensed photographs that are at issue in these arbitration proceedings. No such documents have been produced.

**Wiley's Position**: The "audit" DRK refers to was prepared at the direction of Wiley's counsel. DRK's counsel in other cases has previously made efforts to force Wiley to produce this privileged audit. These efforts have been unsuccessful.

3.    Wiley's Interrogatory Responses

**DRK's Position**: The Arbitrator's March 15, 2012 tentative order instructed Wiley to identify the person most knowledgeable of Wiley's processes and procedures with respect to Interrogatories 2, 3, and 4. Wiley produced general responses to these interrogatories, but did not identify any specific individuals. Identification of these individuals is necessary for DRK to notice and schedule depositions in this matter.

**Wiley's position**: Wiley received DRK's Rule 30(b)(6) deposition topics on May 10, 2012. Wiley will designate a witness regarding these three interrogatories in its response to DRK's topics.

4.    Depositions

**DRK's Position:** Parties are in the process of scheduling depositions, and anticipate conducting these within the next two weeks. Parties have exchanged Rule 30(b)(6) notices outlining topic areas for questioning. DRK anticipates that parties will need to clarify the permissible scope of inquiry prior to, or during the process of conducting, these depositions. Specifically, Wiley served DRK's counsel with a list topics on May 14, 2012, some of which would require DRK to provide testimony on information well beyond the scope of the claims at issue in this case. DRK has also not yet received a response to counsel's May 10, 2012 request for deposition dates for its deposition of Wiley, despite having promptly provided Wiley's counsel with DRK's availability. DRK also requests that the arbitrator resolve the issue of use information for ancillary products and custom editions for which Wiley cannot produce a physical copy prior to the depositions.

**Wiley's position**: The Panel already resolved the "issue" concerning ancillaries and custom editions.

As noted, Wiley received DRK's Rule 30(b)(6) deposition topics on May 10, 2012. DRK requested that Wiley provide witnesses to respond to twenty-three (23) topics. As there are three interrogatories requiring testimony, there are twenty-six (26) deposition topics. This is grossly overbroad and unduly burdensome given the limited issues involved in this arbitration.

Substantively, a number of the topics are objectionable, and Wiley will not produce a witness to discuss them. A number of other topics are completely redundant of documents that Wiley has

| Maurice Harmon | Tel: 610-262-9288 | Christopher Seidman | Tel: 970-245-9075 |
| The Pennsville School | Fax: 610-262-9557 | 101 South 3rd St., Suite 265 | Fax: 970-245-8086 |
| 533 Walnut Drive | maurice@harmonseidman.com | PO Box 3207 | chris@harmonseidman.com |
| Northampton, PA 18067 | (Licensed in CO, PA) | Grand Junction, CO 81501 | (Licensed in CO, NY, CA) |

previously produced. With respect to these topics, Wiley will produce a witness only to verify that the relevant documents accurately reflect Wiley's records. Wiley will produce a witness or witnesses on unobjectionable topics.

## ADDITIONAL ISSUES

Wiley attaches its document requests and DRK's responses to this email.

1.   DRK's Response to Wiley's Document Request 2

**Wiley's position**: In response to Wiley's document request number 2, DRK produced agreements that DRK claims transferred photographers' copyrights to DRK. It did not, however, produce any letters, emails, notes, etc. concerning these transfers. There must have been some communications between DRK and the photographers concerning and/or explaining these agreements or why DRK needed to obtain the rights. The documents sought are directly relevant to DRK's standing to maintain a copyright infringement action.

Similarly, DRK did not produce any documents that reflect its right to license (to publishers, etc.) the photographs at issue, such as contracts/licenses, letters, emails, etc., between the photographers and DRK. These documents are directly relevant to DRK's standing to assert *any* claim.

**DRK's Position:** Correspondence leading up to the execution of final, legally binding copyright assignments is not relevant to the issues in this case, and would be unduly burdensome to search for and produce. The assignment agreements grant DRK the right to bring all claims, regardless of whether or by whom a license was granted. These 'issues' appear to be calculated to increase the burden on DRK, rather than obtain relevant information.

2.   DRK's Response to Wiley's Document Request 10

**Wiley's position**: Request 10 sought documents relating to systems or procedures DRK used to monitor compliance with its licenses. DRK claims that no documents exist other than those documents filed in other lawsuits brought by DRK.

In our experience, we have found that few lawsuits are commenced without a factual basis. There must be some documents responsive to this request.

**DRK's Position**: DRK does not have any systems or procedures in place for monitoring licensees, and therefore does not have any responsive documents.

3.   Deposition Scheduling

**Wiley's position**: On May 10, after receiving DRK's deposition topics, Wiley proposed that the parties agree to a brief extension of the discovery deadlines given that DRK seeks testimony on the twenty-six topics, Wiley objects to many of these topics, and the amount of time it will take to schedule and prepare witnesses to testify. Wiley felt this was a reasonable accommodation given

| Maurice Harmon | Tel: 610-262-9288 | Christopher Seidman | Tel: 970-245-9075 |
| The Pennsville School | Fax: 610-262-9557 | 101 South 3rd St., Suite 265 | Fax: 970-245-8086 |
| 533 Walnut Drive | maurice@harmonseidman.com | PO Box 3207 | chris@harmonseidman.com |
| Northampton, PA 18067 | (Licensed in CO, PA) | Grand Junction, CO 81501 | (Licensed in CO, NY, CA) |

**HARMON & SEIDMAN** LLC                ATTORNEYS AT LAW          *Practice Limited to Copyright Infringement*

DRK's tardy service of deposition topics. DRK rejected Wiley's proposal. Wiley still believes this is the most reasonable way forward in these proceedings.

Wiley, therefore, proposes to serve our objections to DRK's topics by the end of the day tomorrow, May 16. We propose to hold a meet and confer on the topics no later than May 21. We propose bringing the remaining issues to the Panel's attention by May 25. This schedule, however, necessarily impacts the dates of the deposition and the identity of the witnesses.

**DRK's position:** The topics outlined in DRK's notice to Wiley for the most part correspond to the areas of inquiry already raised in DRK's written discovery requests, and the core issues in this case. DRK does not therefore believe that the extended process Wiley proposes is necessary, and will merely serve to run up the bill for both parties. DRK simply requests that the arbitrator set a hearing as soon as practicable to discuss the scope of the depositions and the other issues raised above.

Sincerely,

    Claimant DRK Photo, by its attorneys,

    s/ Christopher Seidman
    Christopher Seidman
    Harmon & Seidman LLC
    PO Box 3207
    Grand Junction, Colorado 81502
    Tel: 970.245.9075
    Fax 970.245.8086
    E-mail: chris@harmonseidman.com

    Amanda L Bruss
    Harmon & Seidman LLC
    8010 East 29th Avenue
    Denver, Colorado 80238
    Tel: 415-271-5754
    E-mail: amanda@harmonseidman.com


    Respondent John Wiley & Sons, Inc., by its attorneys,

    /s/ *Joseph J. Barker*
    Joseph J. Barker

    John Wiley & Sons, Inc.
    111 River Street
    Hoboken, New Jersey 07030
    (T) 201-748-7862
    jobarker@wiley.com

---

| Maurice Harmon | Tel: 610-262-9288 | Christopher Seidman | Tel: 970-245-9075 |
| The Pennsville School | Fax: 610-262-9557 | 101 South 3rd St., Suite 265 | Fax: 970-245-8086 |
| 533 Walnut Drive | maurice@harmonseidman.com | PO Box 3207 | chris@harmonseidman.com |
| Northampton, PA 18067 | (Licensed in CO, PA) | Grand Junction, CO 81501 | (Licensed in CO, NY, CA) |